**Robert G. BOYLE, Appellant**

v.

**The GOVERNOR'S VETERANS OUT-REACH & ASSISTANCE CENTER.**

**No. 90–3352.**

United States Court of Appeals, Third Circuit.

Argued Nov. 14, 1990.

Decided Jan. 31, 1991.

---

Joseph S. Hornack (argued), Healey Whitehill, Pittsburgh, Pa., for appellant.

Bernard T. McArdle (argued), Stewart, McCormick, McArdle & Sorice, Greensburg, Pa., for appellee.

Before STAPLETON, HUTCHINSON and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

Framed against a background of government largesse, this appeal presents a recurring picture of employment discharge allegedly in violation of statutory and constitutional protection. The Governor's Veterans Outreach & Assistance Center (VOAC) is an unincorporated organization funded through the federal Job Training Partnership Act (JTPA), 29 U.S.C. sections 1501 *et seq.* JTPA requires that VOAC maintain a grievance procedure for participants in its employment program pursuant to 29 U.S.C. section 1554. VOAC employed Robert G. Boyle until his dismissal in August of 1988. Boyle filed a timely request for a hearing regarding his termination. Upon VOAC's denial of his request for hearing, Boyle filed suit in the United States District Court for the Western District of Pennsylvania pursuant to 42 U.S.C. sections 1983 and 1988 and the fifth and fourteenth amendments to the United States Constitution alleging that he was dismissed from his employment without due process.

Following a hearing conducted by a United States Magistrate, the district court adopted the magistrate's recommendation

to dismiss the action for lack of federal jurisdiction, holding that VOAC's termination of Boyle's employment did not constitute state action as required by section 1983. Boyle appealed. We vacate the order of dismissal and remand to the district court with directions to enter summary judgment for the defendant.

I.

Boyle's complaint, including a demand for jury trial, was assigned to Magistrate Robert C. Mitchell for pretrial proceedings. The magistrate *sua sponte* raised the question of federal jurisdiction based on whether or not VOAC was a state actor for purposes of alleged civil rights and constitutional violations. The magistrate scheduled a hearing for this purpose at which two witnesses testified: Boyle and Edward Neminski, director of the North Huntington office of VOAC. At the conclusion of the hearing, Boyle's counsel requested a continuance so that depositions might be taken of employees of the Commonwealth of Pennsylvania Department of Labor and Industry ("Department of Labor") in Harrisburg. The magistrate denied the continuance.

Following the hearing, the magistrate found the following facts: VOAC is an unincorporated association created by the Governor of Pennsylvania under the JTPA for the purpose of providing personal assistance to American veterans. VOAC's federal funding under the JTPA is administered by the Department of Labor, Bureau of Job Training Partnership.

The magistrate noted Boyle's argument that VOAC must be found to be an agent of the State because of the following factors: the Governor performs central planning, supervisory, and administrative functions; VOAC is required to submit audit and financial reports to the Commonwealth; the Commonwealth is committed to providing future financial support to VOAC; and that the JTPA creates a statutory relationship between the federal government, the State, and VOAC.

The magistrate rejected Boyle's contention that these factors rendered VOAC an instrumentality of the State, finding that VOAC's actions in discharging the plaintiff and denying him a hearing could not be attributed to the State because the State neither coerced nor encouraged VOAC's action. The magistrate, relying on Neminski's testimony, found that no state regulation compelled or influenced the discharge, and that the State showed little interest in personnel matters. The magistrate found that VOAC employees were not employees of the Commonwealth and that it did not exercise any degree of control or authority over VOAC or its employees. The magistrate also concluded that VOAC did not receive any state funding.

The magistrate also rejected plaintiff's argument that VOAC was an instrumentality of the State because of a statutorily created relationship with the State. The magistrate found that no such comprehensive statutory relationship existed; rather, federal legislation, the JTPA, "affects VOAC actions." Thus, he concluded that the extent and nature of the overall relationship between the Commonwealth and VOAC was *too tenuous* to establish state action. The magistrate found that "the only connection with the Commonwealth appears to be the limited action of the Pennsylvania Department of Labor and Industry in transmitting the federal JTPA funds to VOAC."

The plaintiff, in compliance with Fed.R. Civ.P. 72(b), filed written objections to the magistrate's proposed findings and recommendations. Plaintiff alleged that the magistrate erred in failing to find as a fact that the employees of VOAC were required to abide by the Governor's Code of Conduct applicable to state employees; that VOAC maintained satellite offices in buildings owned by the Department of Labor and used furniture which were the Department's property; that the Department of Labor has employee monitoring duties; that Boyle's duties included developing and maintaining working linkages with numerous government organizations; and that he received training from a state officer. Boyle also contended that the magistrate abused its discretion in denying a continu-

ance to permit taking of additional depositions in Harrisburg.

The district court, by order dated May 23, 1990, adopted the magistrate's report and recommendation as the opinion of the court and dismissed the action for lack of subject matter jurisdiction on the basis that VOAC's action in discharging Boyle without a hearing was not attributable to the State.

## II.

Although not raised by the parties, the case at bar presents an important threshold question of procedure. The district court dismissed this case for lack of subject matter jurisdiction, holding that suit under 42 U.S.C. § 1983 could not be brought without the required state action. However, the requirement in section 1983 of state action is not a question of jurisdiction, but rather is integral to the determination of the merits of the claim.

Boyle's complaint asserted jurisdiction under 28 U.S.C. § 1331's general grant of federal question jurisdiction and under 28 U.S.C. § 1343(a)(3) & (4)'s grant of civil rights jurisdiction. As we reasoned in *Kulick v. Pocono Downs Racing Association*, 816 F.2d 895 (3d Cir.1987), once the plaintiff has alleged that the defendant's actions violated requisite federal law, the truth of the facts alleged in the complaint, as well as their legal sufficiency in establishing a section 1983 action, citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70–71, 98 S.Ct. 2620, 2628–29, 57 L.Ed.2d 595 (1978); *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), is a question on the merits. "Otherwise, the district court could turn an attack on the merits, against which the party has the procedural protections of a full trial including the right to a jury, into an attack on jurisdiction, which a court may resolve at any time without jury...." *Pocono Downs*, 816 F.2d at 898.

Accordingly, where the motion to dismiss is based on the lack of state action, dismissal is proper only pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim and not under Rule 12(b)(1) for lack of jurisdiction. *Pocono Downs*, 816 F.2d at 897–98. *See also, Albert v. Carovano*, 824 F.2d 1333, 1338 (2nd Cir.1987) (where motion to dismiss is based solely on the lack of any action by defendants under color of state law, and where claims are neither frivolous nor immaterial, the motion is treated as an attack on the merits pursuant to Rule 12(b)(6)) *vacated on other grounds*, 851 F.2d 561 (1988) (en banc); *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988–989 (5th Cir.1988) (same); and *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir.1986) (same).

In the present case, the magistrate raised the matter of state action *sua sponte*. Although the court did not specify under which subsection of Rule 12 the action was being dismissed, the magistrate discussed the issue in terms of subject matter jurisdiction. This procedural error is significant because of the differing standards for evaluating the evidence under Rule 12(b)(1) and Rule 12(b)(6). Under Rule 12(b)(1), the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Federal Savings and Loan Assn.*, 549 F.2d 884, 891 (3rd Cir. 1977). In contrast, because a Rule 12(b)(6) motion "results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." *Id.; see also Malak*, 784 F.2d at 280.

If, as in the instant action, the court considers evidence beyond the pleadings in a Rule 12(b)(6) motion, it must do so in the context of a summary judgment motion. Fed.R.Civ.P. 12(b) provides that in a motion to dismiss for failure to state a claim upon which relief can be granted, if matters outside the pleading are considered, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *See also, Pocono Downs*, 816 F.2d at 899; *Mortensen*, 549 F.2d at 891; *Malak*, 784 F.2d at 280. This "provides further safeguards for the plaintiff: in addition to having all of plaintiff's allegations

taken as true, with all their favorable inferences, the trial court cannot grant a summary judgment unless there is no genuine issue of material fact." *Mortensen,* 549 F.2d at 891.

▉ Although the district court did not review the evidence presented at the hearing under the summary judgment standard, we see no reason why in the interest of judicial economy we cannot do so on appeal. First, we note that the parties were given adequate notice. Under Rule 12(b), the district court is required to give the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Notice that the district court intended to conduct a hearing on the question of state action provided notice to the parties that all pertinent evidence should be presented at that time. Thus, the parties were given a reasonable opportunity to present all relevant evidence. The magistrate's denial of the plaintiff's request for a continuance so that depositions of Harrisburg employees could be taken can hardly be said to be an abuse of his discretion; the plaintiff had a month's notice as to when the hearing would take place.

Second, the differing standard for reviewing the evidence on a motion for summary judgment does not present an insurmountable problem. Under Fed.R.Civ.P. 56, summary judgment can be granted only if is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The facts must be viewed in the light most favorable to the party opposing the motion. *Bechtel v. Robinson,* 886 F.2d 644, 647 (3rd Cir.1989). "The non-movant's allegations must be taken as true, and when these assertions conflict with those of the movant, the former must receive the benefit of the doubt." *Goodman v. Mead*

*Johnson & Co.,* 534 F.2d 566, 573 (3rd Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). To treat these proceedings as a motion for summary judgment, we can simply assume all of Boyle's allegations to be true and review the evidence accordingly.[1] Treating the proceedings as one for summary judgment, we turn now to the evidence of record and the law.

▉ To bring a section 1983 action, Boyle must demonstrate that the act of dismissing him was "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). The Supreme Court has developed several approaches for determining whether state action exists, two of which are relevant here: the "symbiotic relationship" test and the "nexus" test.

Under the "symbiotic relationship" test[2] established in *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725, 81 S.Ct. 856, 861, 6 L.Ed.2d 45 (1961), the action will be considered that of the State if the State has "so far insinuated itself into a position of interdependence with [the acting party] that it must be recognized as a joint participant in the challenged activity...." In support of his argument that the Commonwealth and VOAC enjoyed such a symbiotic relationship, appellant points to the administration of federal JTPA legislation at the state level. More specifically, Boyle looks to the role of the Governor in establishing and overseeing the service delivery areas ("SDAs"), the basic administrative units of the federal job training program under the JTPA. Appellant cites *Romero–Barcelo v. Donovan,* 722 F.2d 882, 885 (1st Cir.1983), in which the court concluded that the Governor of Puerto Rico "performs central planning, supervisory, and administrative functions" under the JTPA.

---

1. The assumption that all of Boyle's factual allegations are true eliminates his concern that the district court erred in adopting the magistrate's recommendation because it failed to contain required findings of fact.

2. In *Krynicky v. University of Pittsburgh,* 742 F.2d 94, 103 (3rd Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985), we

held that the so-called *Lugar* trilogy, *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); and *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982), did not overrule the Supreme Court's decision in *Burton.*

The Governor's administrative role in Pennsylvania in the distribution of federal funds, however, does not render the Commonwealth of Pennsylvania and VOAC joint participants in the challenged activity in the sense required by *Burton*. The Supreme Court in *Burton* found that a restaurant located within a public parking garage that practiced racial discrimination to be state action because the state had many obligations and responsibilities regarding the operation of the restaurant; mutual benefits were conferred; and the restaurant operated physically and financially "as an integral part of a public building devoted to a public parking service." *Id.* 365 U.S. at 724, 81 S.Ct. at 861.

In comparison, mere supervision of the distribution of federal funds does not represent the degree of involvement and interdependence present in the *Burton* case. That VOAC maintained satellite offices in buildings owned by the Department of Labor does not change this analysis. Merely utilizing free office space is distinguishable from the restaurant in *Burton* which leased space in the public garage where its operations were an integral part of the operations of the municipally owned parking facility.

Neither does the Governor's role in administering federal funds equal the degree of state involvement present in *Krynicky v. University of Pittsburgh*, 742 F.2d 94 (3rd Cir.1984), *cert. denied*, 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). In *Krynicky*, this court concluded that the University of Pittsburgh constituted a state actor. However, the University was closely intertwined with the state in a manner that is plainly not present in the case at bar. The statute that created and defined the Commonwealth's relationship with the University states that it is to be established as an "instrumentality" of the State. *Id.* at 102. To achieve this "linkage," the statute provides that one-third of Pitt's trustees are to be selected by the Commonwealth; that the Commonwealth will make annual appropriations to the University; that the State may set tuition schedules; and that the University must file annually a report of all instructional, administrative,

and financial activities with the Governor. *Id.* In short, the Commonwealth oversees virtually every aspect of the operation of the University. The Governor's role in administering JTPA federal funds simply does not rise to the level of state involvement present in *Krynicky*.

Under the "nexus" test to which we have referred, state action will be found if "there is a sufficiently close nexus between the state and the *challenged action* of the regulated entity so that the action may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (emphasis added). As the Court subsequently observed, the purpose of this requirement is "to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982).

Acts of private contractors do not become acts of the State simply because they are performing public contracts. *Rendell–Baker v. Kohn*, 457 U.S. 830, 841, 102 S.Ct. 2764, 2771, 73 L.Ed.2d 418 (1982). The State will be held "responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982).

The plaintiff presented evidence which he claims shows that VOAC employees were subject to the Governor's Code of Conduct, E.O. # 1980–18. However, the evidence presented by Boyle shows only that Neminski, the director of VOAC, sent a memorandum to staff advising that the Code of Conduct applied to all VOAC employees. There is no evidence that the Governor required JTPA recipients to abide by the Code of Conduct or that the Commonwealth had any role in administering discipline under the Code of Conduct. Neither does Boyle allege that he was terminated for failure to abide by the Code. Under

these circumstances, it cannot be said that Neminski's advisory mandated the application of the Governor's Code of Conduct by the State and transformed VOAC's termination of Boyle into an action of the State.

Boyle also alleged that the Department of Labor has employee monitoring duties. This assertion, however, is unsupported by any factual evidence in the record. Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), Fed.R.Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Mere statements unsupported by any evidence do not meet the *Celotex* standard.

Finally, Boyle contends that the present case is similar to *Johnson v. Orr*, 780 F.2d 386 (3rd Cir.1986). There, discharged Air National Guard technicians brought suit alleging improper discharge in violation of 42 U.S.C. section 1983. Plaintiff correctly notes that the court rejected the argument that because the source of the National Guard's authority is federal, even actions administered at the state level were not under color of state law. However, the operative fact in *Johnson* was that the adjutant general, a state officer, made and implemented the final decision to discharge the employees bringing suit, thus making the nexus test applicable. *Johnson*, 780 F.2d at 392. In the present case, the opposite is true; plaintiff has not shown any involvement by the Commonwealth of Pennsylvania in VOAC's decision to discharge and deny him a hearing.

Thus, plaintiff has failed to provide any evidence establishing that the State exercised any degree of control over VOAC's actions in dismissing him. The VOAC is a grant recipient of federal funds and is under contract with the Commonwealth of Pennsylvania, Department of Labor & Industry. The State funds no monies for the programs. The affiliation ends there. VOAC's employees are not employees of the Commonwealth; they are not paid by the Commonwealth; nor do they participate in any employment or pension benefits offered by the state. Boyle has not presented any evidence to rebut the defendant's contention that the Commonwealth is not involved in and has no influence over the personnel decisions of the VOAC.

### III.

Accordingly, we will vacate the order of dismissal and remand the case to the district court with directions to enter summary judgment for the defendant. Each side to bear its own costs.