DLD-067                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3277
_____

ASSEM A. ABULKHAIR,
Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY;
ADA PRIDDY, Adjuster; KAREN KUEBLER, Esq.;
THE LAW OFFICES OF LINDA BAUMAN, ESQ.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-00146)
District Judge: Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2010
Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed: January 12, 2011)
_____

OPINION
_____

PER CURIAM.

        Assem A. Abulkhair, proceeding pro se, appeals two orders of the District Court.

The first order denied Abulkhair's motion for additional time to appeal the order that

dismissed his complaint, and the second order imposed restrictions upon Abulkhair's right to file future complaints in the district court. For the reasons set forth below, we will take summary action, see 3d Cir. LAR 27.4 and I.O.P. 10.6, and we will affirm in part, vacate in part, and remand for further proceedings.

I.

Abulkhair commenced this suit in January 2010 by filing a pro se complaint under 42 U.S.C. § 1983 and state law against Liberty Mutual Insurance Company and other defendants. The claims asserted stem from a dispute over insurance coverage for a 1998 car accident that Abulkhair was involved in with an uninsured motorist. By order entered February 11, 2010, the District Court granted Abulkhair leave to proceed in forma pauperis ("IFP") and dismissed his complaint sua sponte for lack of subject-matter jurisdiction. The District Court determined that the claims asserted were substantially similar to claims that the Court had dismissed for lack of subject-matter jurisdiction in a prior suit by Abulkhair. Although Abulkhair named a new defendant and added state law claims in the present suit, the District Court concluded that it remained without subject-matter jurisdiction, and it dismissed the complaint with prejudice. Furthermore, because Abulkhair had commenced eight suits in the preceding six months related to the same car accident, and a total of fifteen suits in the District of New Jersey since 2002, the District Court ordered Abulkhair to show cause why he should not be required to obtain court approval before filing any future complaint related to this car accident.

2

On March 31, 2010, Abulkhair filed a notice of appeal from the February 11 order. The notice of appeal was untimely filed more than thirty days after entry of the February 11 order, see Fed. R. App. P. 4(a)(1)(A), and this Court dismissed the appeal for lack of appellate jurisdiction. See C.A. No. 10-1949.

Meanwhile, on April 12, 2010, Abulkhair filed a motion for an extension of time to appeal the February 11 order or to reopen the appeal period. See Fed. Rules of App. P. 4(a)(5) and (a)(6). He submitted an Affidavit dated March 29, 2010, in which he averred that the February 11 order "has never been served upon the Plaintiff by neither the Clerk, nor [opposing] counsel." Docket #9 at 1. Abulkhair claimed that he first received notice of the order on March 29 when it was handed to him by the court clerk. Id. Defendants opposed the motion, arguing that Abulkhair is a "serial litigator" who had failed to monitor his case, and he should not be allowed "to convert the 30-day deadline for filing notices of appeal into a 60-day deadline[.]" Docket #12 at 3-4. Abulkhair filed a reply in which he noted that defendants did not dispute his claim that he failed to receive timely notice of the February 11 order. Docket #13.

In his March 29 Affidavit, Abulkhair also expressed opposition to entry of the proposed injunction, arguing that he has "never filed a single frivolous suit against anyone," and that his conduct does not support a restriction upon future filings. Docket #9 at 5-6. Abulkhair had argued earlier, in his reply to defendants' opposition to his IFP motion, that his prior suits involved different claims and defendants, and that he believes

3

there is a basis for exercising federal subject-matter jurisdiction.  See Docket #6 at 1-2.

By order entered July 23, 2010, the District Court denied Abulkhair's motion for additional time to appeal.  Addressing the motion solely as a request for an extension time to appeal under Rule 4(a)(5), the District Court held that Abulkhair failed to show excusable neglect.  Among other things, the District Court explained that "an excuse that Plaintiff did not receive a copy of the Order in time, without additional factual support or information, is an excuse that is easily manufactured," and that Abulkhair "has not demonstrated that he made any efforts to monitor the docket in this matter."

By separate order entered July 22, 2010, the District Court entered an injunction requiring Abulkhair to obtain court approval before filing future complaints related to the same car accident.  The District Court did not address Abulkhair's objections to the injunction because it found that "Plaintiff did not respond to the Order to Show Cause."

Abulkhair timely filed a notice of appeal from the July 22 and July 23 orders.

## II.

We have appellate jurisdiction because the orders appealed are "final decisions" under 28 U.S.C. § 1291.  We review for abuse of discretion a decision to deny a motion for an extension of time to appeal, Ramseur v. Beyer, 921 F.2d 504, 506 n.2 (3d Cir. 1990), and a motion to reopen the appeal period, United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006), while our review is plenary over the district court's application and interpretation of the governing rules, Pedereaux v. Doe, 767 F.2d 50, 51 (3d Cir. 1985).

4

We review for abuse of discretion a decision to impose restrictions upon a litigant's right to file future litigation. <u>Abdul-Akbar v. Watson</u>, 901 F.2d 329, 331 (3d Cir. 1990).

## III.

(i)    Order denying the motion to extend or reopen time to appeal

Abulkhair moved to extend the time to appeal under Rule 4(a)(5) and to reopen the time to appeal under Rule 4(a)(6) based on an allegation that he did not receive notice of the February 11 order until March 29, 2010. The District Court addressed the motion solely under Rule 4(a)(5) and denied relief. After a review of the record, we conclude that the District Court did not abuse its discretion in holding that Abulkhair failed to establish excusable neglect to support extending the appeal period under Rule 4(a)(5).[1]

---

[1] "This court interprets Rule 4(a)(5) to require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." <u>Consol. Freightways Corp. v. Larson</u>, 827 F.2d 916, 920 (3d Cir. 1987). The District Court cited Abulkhair's extensive litigation history, his awareness of the governing rules, and the absence of a showing that he had made any effort to monitor the docket in this case. This record adequately supports the refusal to find excusable neglect. <u>See, e.g.</u>, <u>United States ex rel. McAllan v. City of New York</u>, 248 F.3d 48, 53 (2d Cir. 2001) ("[A]ppellant's failure to file a timely notice of appeal is not excused by what he characterizes as the 'serious administrative errors' and docketing irregularities of the … clerk's office, because parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal."); <u>see</u> <u>also</u> <u>Vianello v. Pacifico</u>, 905 F.2d 699, 701 (3d Cir. 1990) (explaining that a "district court may take into account, as one factor in making its decision [under Rule 4(a)(5)], the Clerk's failure to give notice of entry of judgment, but that the district court is not required to extend the time for filing a notice of appeal merely because of the Clerk's failure").

5

Accordingly, we will affirm the July 23 order insofar as the District Court denied Rule 4(a)(5) relief.

As noted, however, the basis for Abulkhair's motion was an assertion that he was not served with notice of a court order -- an assertion that directly implicates Rule 4(a)(6). "Fed. R. App. P. 4(a)(6) provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995). The District Court erred in failing to address Abulkhair's request for Rule 4(a)(6) relief.

Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that the party did not receive notice under Federal Rule of Civil Procedure 77(d) of a judgment or order within twenty-one days after its entry, and that no party would be prejudiced. Fed. R. App. P. 4(a)(6)(A), (C).[2] The motion to reopen must be filed by the earlier of 180 days following entry of the judgment or order or fourteen days after the party receives notice of its entry. Fed. R. App. P. 4(a)(6)(B).

The present record does not clearly foreclose Abulkhair from meeting the three requirements for Rule 4(a)(6) relief, and, moreover, it is unclear whether relief would be appropriate as a matter of discretion even if he meets the Rule's requirements. See Arai

_____

[2] Rule 77(d) provides that, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. 77(d)(1).

v. Am. Bryce Ranches, Inc., 316 F.3d 1066, 1069 (9th Cir. 2003) (holding that a "district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met"). Accordingly, we will remand for the District Court to rule on Abulkhair's Rule 4(a)(6) motion in the first instance.[3]

In denying relief under Rule 4(a)(5), the District Court observed that "an excuse that Plaintiff did not receive a copy of the Order in time, without additional factual support or information, is an excuse that is easily manufactured." Insofar as the District Court might rely upon this same analysis for purposes of Rule 4(a)(6), we note that Abulkhair supports his motion to reopen the appeal period with an Affidavit, submitted under penalty of perjury, stating that he did not receive notice of the February 11 order until March 29. Nothing in the present record shows that Abulkhair has "manufactured" this contention, and defendants did not oppose the motion to reopen on that basis. If the District Court concludes on remand that findings are warranted on whether Abulkhair has fabricated the factual support for his motion, the District Court can conduct appropriate proceedings to resolve the issue. At present, the record reveals no notation on either the docket sheet or the February 11 order itself reflecting that the clerk served the order at the time it was entered, and Abulkhair asserts that he did not receive notice from defendants.

---

[3] On the issue of timeliness, Abulkhair's Rule 4(a)(6) motion could be considered timely filed on April 12, 2010, which was fourteen days after March 29, assuming the District Court determines that Abulkhair did not receive notice of the February 11 order at an earlier time.

In addition, Abulkhair seems to assert that he is not a registered electronic filer, suggesting that the clerk had to serve him by another means specified under Rule 5(b)(2).

The District Court also cited Abulkhair's failure to monitor the docket as a basis for denying Rule 4(a)(5) relief. For purposes of Rule 4(a)(6), some courts have held that, while a district court ultimately exercises its discretion in ruling on a motion to reopen the appeal period, "where non-receipt [of an order] has been proven and no other party would be prejudiced, the denial of relief cannot rest on a party's failure to learn independently of the entry of judgment during the thirty-day period for filing notices of appeal." Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir. 1995); see Avolio v. County of Suffolk, 29 F.3d 50, 54 (2d Cir. 1994) (holding that denial of Rule 4(a)(6) relief "may not be based on a concept of inexcusable neglect for not having learned of the entry of judgment"); but cf. Kuhn v. Sulzer Orthopedics, Inc., 498 F.3d 365, 371 (6th Cir. 2007) (declining to follow Nunley and Avolio because "[b]oth cases were decided long before electronic dockets became widely available"). This Court has not previously addressed the issue, and we need not do so at this time. Because we will remand this matter, the District Court should have the first opportunity to consider the particular circumstances at issue here and to determine whether or the extent to which Abulkhair's failure to monitor his case properly bears on the decision to afford him relief under Rule 4(a)(6).

In sum, we will affirm the denial of Abulkhair's Rule 4(a)(5) motion, and we will remand for the District Court to consider Abulkhair's Rule 4(a)(6) motion.

(ii)    Order restricting the filing of future complaints

Abulkhair also challenges the District Court's order limiting his right to file future complaints related to the underlying car accident at issue. The District Court entered its injunction without addressing Abulkhair's objections because it found that Abulkhair failed to respond to its February 11 order to show cause. As discussed above, however, Abulkhair asserts that he did not receive notice of the February 11 order until March 29. If the District Court were to accept that assertion on remand, then Abulkhair's failure to respond to the show cause order within the twenty days specified by the District Court may be excusable. Furthermore, Abulkhair filed his Affidavit raising objections to the proposed injunction on March 31, which was two days after he purports to have first received notice of the February 11 order.

We have recognized that "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. Dist. Ct., 882 F.2d 72, 73 (3d Cir. 1989); see In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated."). At the same time, "[a]ccess to the courts is a fundamental tenet of our judicial system,"

9

and "legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." In re Oliver, 682 F.2d at 446. It is settled that an injunction against filing "should not be imposed by a court without prior notice and some occasion to respond." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).

Because the District Court entered its injunction without addressing the objections raised in Abulkhair's Affidavit, and without considering whether Abulkhair's ability to respond in a timely manner was prejudiced by his alleged failure to receive timely notice of the February 11 order, we will vacate the July 22 order and remand. Restricting a litigant's right to file suit is an "extreme remedy" that warrants meaningful consideration of the litigant's objections prior to imposition of the injunction. Abdul-Akbar, 901 F.2d at 332. The District Court should weigh Abulkhair's objections on remand against the evidence of record and the need to curtail abusive litigation. We express no view on whether an injunction is warranted here; we leave that determination to the District Court's sound exercise of its discretion.

## IV.

For the foregoing reasons, we will affirm the July 23 order insofar as the District Court denied Rule 4(a)(5) relief, but we will otherwise vacate the order and remand for the District Court to address Abulkhair's Rule 4(a)(6) motion. We will also vacate the July 22 injunction order and remand for further proceedings consistent with this Opinion.