**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1584
_____

ASSEM A. ABULKHAIR,
                                        Appellant,

v.

LIBERTY MUTL INSURANCE COMPANY;
ADA PRIDDY, Adjuster; KAREN KUEBLER, ESQ.;
THE LAW OFFICE OF LINDA BAUMAN, ESQ.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 10-cv-00146)
District Judge: Honorable Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011

Before: AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  August 4, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Assem A. Abulkhair was insured by defendant Liberty Mutual

Insurance Co. when he was injured in an automobile accident with an uninsured motorist

on March 18, 1998. He was dissatisfied with Liberty Mutual's response to his claim for coverage and filed a civil action in state court seeking to compel arbitration. The state court complaint, filed in March, 1999, was eventually referred to arbitration and Abulkhair was awarded $18,000. Dissatisfied with the award, he sought a trial de novo. The case was restored to the active calendar and scheduled for trial. Abulkhair was dissatisfied with his attorney, and, so, on July 6, 2004, the complaint was dismissed, without prejudice, on the conditions that (1) Liberty Mutual waive the statute of limitation defense, and (2) Abulkhair retain a new attorney and file a new complaint within 60 days. Abulkhair did not file a new complaint within 60 days, and his subsequent efforts to overturn the July 6, 2004 order and to get his case reopened, of which there were many, were unsuccessful.

Out of options in state court, Abulkhair turned to federal court and filed a civil action in the United States District Court for the District of New Jersey, D.C. Civ. No. 09-cv-03419. Abulkhair sued Liberty Mutual and its attorneys, Karen Kuebler and the Law Offices of Linda Bauman, claiming "negligent misrepresentation," misconduct, fraud upon the court, and insurance fraud. In essence, Abulkhair blamed Liberty Mutual's attorneys for his default in state court, and he stated that their "boxing gloves" approach was because he is a Moslem adherent. Abulkhair sought money damages. The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and Abulkhair filed a brief in opposition.

On December 21, 2009, the District Court dismissed the complaint for lack of subject matter jurisdiction. The court determined that diversity jurisdiction, 28 U.S.C. §

1332(a), was lacking because the parties were not diverse; they were all residents of New Jersey. And, although Abulkhair cited numerous federal statutes, including 42 U.S.C. § 1983, the court saw no basis for federal question jurisdiction, 28 U.S.C. § 1331, either. With respect to section 1983, the court determined that the defendants did not appear to be state actors, nor did Abulkhair allege that they had acted under color of law.[1] Abulkhair did not appeal this decision.

Instead, less than a month later on January 7, 2010, Abulkhair filed a new federal lawsuit, the instant action, in an apparent effort to remedy the jurisdictional defects in his original complaint. He added Aida Preddy, Liberty Mutual's adjustor, as a defendant, and stated claims against her for "negligent misrepresentation" and insurance fraud. Specifically, he alleged that Preddy falsely told his attorneys that Liberty Mutual had made a settlement offer, and that one "Mr. Brown" had a lien, all in an effort to prevent him (Abulkhair) from retaining a new attorney (and apparently also from timely complying with the state court's July 6, 2004 order). Abulkhair also appeared to try to clarify the jurisdictional basis of his complaint by emphasizing that, in addition to his state law claims, he was pursuing his claims of "negligent misrepresentation" and fraud on the court under the Supreme Court's decision in United States v. Throckmorton, 98

---

[1] We note that, in Boyle v. Governor's Veterans Outreach & Assistance Ctr., 925 F.2d 71 (3d Cir.1991), we held that the section 1983 requirement of state action is not jurisdictional. See id. at 74. Rather, it is integral to the merits of the claim and dismissal is only appropriate under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See id.

U.S. 61 (1878).[2]  He stated that his due process rights had been violated, and, as a result of the events of September 11, 2001, he was the victim of bias on the basis of his religious beliefs.  Abulkhair sought $30 million in compensatory and punitive damages.

In an order entered on February 11, 2010, the District Court granted Abulkhair's in forma pauperis application and dismissed the action *sua sponte* for lack of subject matter jurisdiction.  The court found no real difference between Abulkhair's first and second federal complaints.  The court further ordered Abulkhair to show cause why he should not be restricted from filing any more lawsuits concerning his 1998 traffic accident and claim for coverage.

Abulkhair filed an untimely appeal (which we dismissed, see C.A. No. 10-1949), and he also filed a motion in the district court to extend the time to appeal or to reopen the appeal period.  He also responded to the District Court's show cause order, arguing that his conduct did not support a restriction on future lawsuits.  In orders entered on July 22 and July 23, 2010, the District Court entered an injunction requiring Abulkhair to obtain court approval before filing any further lawsuits relating to his car accident and claim for coverage, and denied Abulkhair an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5).  Abulkhair timely appealed these orders.

On appeal, we affirmed the July 23 order insofar as the District Court denied an extension of the time to appeal under Rule 4(a)(5), but we remanded for further proceedings under Rule 4(a)(6).  See Abulkhair v. Liberty Mutual Ins., 405 Fed. Appx.

---

[2] Abulkhair did not provide a citation to United States v. Throckmorton, but it appears that he was referring to the 1878 case, which predates Federal Rule of Civil Procedure 60(b)(3), and addresses when a federal judgment obtained through fraud can be set aside.

570, 574 (3d Cir. 2011). We also vacated the July 22 injunction barring future filings and remanded for further proceedings on that issue as well. See id. On remand, the District Court, in pertinent part, reopened the appeal period under Rule 4(a)(6), and Abulkhair duly filed a timely notice of appeal within 14 days of the order. We thus now have jurisdiction to review the District Court's February, 2010 order pursuant to 28 U.S.C. § 1291 and Fed. R. App. Pro. 4(a)(6).[3] We will affirm. We review de novo whether the District Court possesses subject matter jurisdiction. See Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). Jurisdiction in the federal courts is limited, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law, see 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest, see 28 U.S.C. § 1332. As explained by the District Court in its 2009 Opinion, the parties in the original action are not diverse, and in the second action Abulkhair did not allege that defendant Preddy, Liberty Mutual's adjustor, was not also a New Jersey resident. The basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S.

---

[3] We note that the District Court has not yet issued a new order limiting Abulkhair's future ability to file actions concerning the 1998 accident and claim for coverage. The District Court issued another show cause order, and show cause proceedings remain pending. If the District Court enters an injunction barring future litigation, Abulkhair may file a notice of appeal from that order. See Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145 (3d Cir. 1993) (generally permitting appeals from post-judgment orders; Plymouth Mut. Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967) (same). Cf. 28 U.S.C. § 1292(a)(1) (authorizing interlocutory appeal from injunction).

386, 392 (1987). Accordingly, jurisdiction under section 1332 will not lie in Abulkhair's case.

With respect to the other basis for jurisdiction, a plaintiff may proceed in federal court in a civil rights action under 42 U.S.C. § 1983 if he alleges a deprivation of his constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Jurisdiction would exist under 28 U.S.C. § 1331, the general federal question statute, and under 28 U.S.C. § 1343(3), the jurisdictional counterpart to 42 U.S.C. § 1983. Abulkhair's complaint did not, however, adequately allege a deprivation of a constitutional right, and we reach this conclusion even in view of our obligation to construe pro se complaints liberally, see Haines v. Kerner, 404 U.S. 519 (1972).

Although we agree with the District Court that subject matter jurisdiction was lacking, and affirm on that basis, Abulkhair's second federal lawsuit would have been subject to dismissal in any event under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[4] To bring an action under section 1983, a plaintiff must establish not only the deprivation of a constitutional right, but also that the conduct which allegedly caused the deprivation is attributable to state action. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-38 (1982). As the District Court noted, the defendants are not state actors. The alleged misconduct of Liberty

---

[4] Under Oatess v. Sobolevitch, 914 F.2d 428, 430 n.5 (3d Cir.1990), district courts may sua sponte dismiss a complaint under Rule 12(b)(6) so long as the plaintiff is accorded an opportunity to respond. In Abulkhair's case, the District Court's disposition of his first federal lawsuit adequately put him on notice of the jurisdictional defects in his federal complaint.

Mutual and its attorneys and adjustor in Abulkhair's case is not fairly attributable to the state. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-51 (1999); Blum v. Yaretsky, 457 U.S. 991, 1004-05 (1982). In addition, neither Throckmorton, 98 U.S. 61, nor the more modern Federal Rule of Civil Procedure 60(b)(3), which concerns reopening a federal judgment where a "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" has occurred, provides a basis for federal subject matter jurisdiction in Abulkhair's case. The fraud he complains about concerns the conduct of Liberty Mutual's attorneys in his state court action; it is a subject of state law, see N.J. Court Rule 4:50-1, and does not present a federal question.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint for lack of subject matter jurisdiction.