BLD-282                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2543
_____

ASSEM A. ABULKHAIR,

Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY;
ADA PRIDDY, Adjuster; KAREN KUEBLER, Esq.;
THE LAW OFFICES OF LINDA BAUMAN, ESQ.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-00146)
District Judge: Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  September 27, 2012)
_____

OPINION
_____

PER CURIAM.

Assem A. Abulkhair appeals the District Court's order denying his pro se "motion

for extension of time to file an appeal," which the District Court properly construed as a

motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). We will summarily affirm.

The background can be stated briefly. In 2010, the District Court dismissed Abulkhair's complaint in this action for lack of subject-matter jurisdiction. This Court affirmed the dismissal, see Abulkhair v. Liberty Mut. Ins. Co., No. 11-1584, 441 F. App'x 927 (3d Cir. 2011), and issued an amended mandate awarding costs to defendants in the amount of $276.54, pursuant to Rule 39 of the Federal Rules of Appellate Procedure. On December 8, 2011, the District Court enforced this Court's amended mandate by entering an Order and Judgment reflecting the costs awarded on appeal.

On March 26, 2012, Abulkhair filed a motion to reopen his time to appeal the December 8, 2011, Order and Judgment, asserting that he did not receive notice of the judgment until March 23, 2012. Defendants opposed reopening the appeal period, and the District Court denied Abulkhair's motion. It explained that, while Abulkhair satisfied the requirements of subparts (A) and (B) of Rule 4(a)(6), he did not satisfy subpart (C), which requires the District Court to find that "no party would be prejudiced" by reopening the time to appeal. The District Court observed that there is no basis for Abulkhair to appeal the judgment awarding appellate costs, that defendants should not be made to defend against a meritless appeal, and that Abulkhair had the opportunity to appeal this Court's award but failed to do so. Abulkhair timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291 and review the denial of a Rule 4(a)(6) motion for abuse of discretion. See United States v. Rinaldi, 447 F.3d 192,

195 (3d Cir. 2006). Rule 4(a)(6) "provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995). The district court must find, inter alia, "that no party would be prejudiced" by reopening the appeal period. Fed. R. App. P. 4(a)(6)(C); see Baker v. United States, 670 F.3d 448, 454 (3d Cir. 2012) (explaining that "Rule 4(a)(6) provides a limited opportunity to reopen the time to file an appeal when certain conditions are met").

We agree with the District Court that an appeal of its judgment based on this Court's award of costs would be frivolous, taken in bad faith, and prejudicial to defendants. Our docket in No. 11-1584 reflects that defendants timely filed a bill of costs after this Court entered judgment in their favor and taxed costs for the appeal against Abulkhair pursuant to Rule 39. Abulkhair filed objections to the bill of costs. The Clerk issued an order addressing and rejecting each objection, and she awarded costs in the amount of $276.54. Abulkhair filed objections to the Clerk's order. A panel of this Court overruled and denied those objections. An amended mandate was issued, in accordance with Rule 39(d), reflecting the costs taxed against Abulkhair. Upon receipt of the amended mandate, the District Court issued a notice directing defendants to prepare and submit an order implementing this Court's mandate. Defendants timely complied, and the District Court entered its Order and Judgment reflecting the costs awarded.

Given this record, it is clear that this Court has already heard and rejected Abulkhair's arguments in opposition to the costs imposed for his prior appeal. Abulkhair

3

is not entitled to rehash those arguments by filing another appeal. Consequently, we are satisfied that an appeal from the December 8, 2001, Order and Judgment would be frivolous, not only because such an appeal would be inarguable as a matter of law, see Neitzke v. Williams, 490 U.S. 319, 325 (1989), but also because a "reasonable paying litigant" would not part with $455 (the cost in filing fees to bring an appeal) in order to challenge a judgment entered against him for the substantially lesser sum of $276.54. See Deutsch v. United States, 67 F.3d 1080, 1090 (3d Cir. 1995).

We acknowledge that the merits of a potential appeal ordinarily "are not a permissible consideration" in deciding whether to afford Rule 4(a)(6) relief. Arai v. Am. Bryce Ranches Inc., 316 F.3d 1066, 1071 (9th Cir. 2003). But under the particular circumstances presented here, we cannot conclude that the District Court abused its discretion in finding that defendants would be prejudiced by any further litigation of the Rule 39 costs issue. We are cognizant, as well, of Abulkhair's history of taking meritless in forma pauperis appeals to this Court. Finally, we note that, even if we concluded that Abulkhair had satisfied the requirements of Rule 4(a)(6), we would still affirm the denial of his motion to reopen. A district court retains discretion to deny a Rule 4(a)(6) motion "even when the rule's requirements are met." Arai, 316 F.3d at 1069. The circumstances of this case counsel against reopening the time for Abulkhair to appeal.

For these reasons, we will summarily affirm the District Court's order denying Abulkhair's Rule 4(a)(6) motion. See 3d Cir. LAR 27.4 and I.O.P. 10.6.