**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1264 & 21-2145
_____

MARYANN PETRI,
Appellant

v.

ERIE COUNTY CHILDREN AND YOUTH;
TINA TROHOSKE; AMY DALEY; RALPH A. FERRIS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00243)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2021
Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: December 7, 2021)
_____

OPINION[*]
_____

PER CURIAM

Maryann Petri appeals from the District Court's order dismissing her amended

complaint.  She also challenges some of the District Court's other orders.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Petri filed suit against (1) her former husband Ralph Ferris, and (2) the Erie County Office of Children and Youth and two of its employees (collectively, the "OCY defendants"). She alleged that Ferris falsely reported to the OCY defendants that she emotionally abused two of the couple's children. She further alleged that the OCY defendants reported that the abuse was "indicated" without adequately investigating that issue. Petri alleged that, although the indications of abuse were later expunged, they resulted in her loss of custody to Ferris, her loss of employment, her imprisonment for failure to pay child support, and various health problems.

Petri initially filed her claims against Ferris and the OCY defendants in Pennsylvania state court, but she voluntarily dismissed that action in order to file the federal action at issue here. In this federal action, she asserted both federal and state-law claims. Both Ferris and the OCY defendants filed motions to dismiss Ferris's complaint. By order entered July 17, 2020, the District Court[1] granted those motions but gave Petri leave to amend her complaint against the OCY defendants. Petri did so, and the OCY defendants filed a motion to dismiss Petri's amended complaint as well. By order entered June 4, 2021, the District Court granted that motion and dismissed Petri's amended complaint without further leave to amend. In both orders of dismissal, the District Court dismissed Petri's federal claims and declined to exercise supplemental jurisdiction over

---

[1] A Magistrate Judge conducted the proceedings on the consent of all parties under 28 U.S.C. § 636(c). We refer to the Magistrate Judge's rulings as those of the District Court.

her state-law claims.  Petri appeals.[2]

## II.

We will affirm substantially for the reasons explained by the District Court. Petri's briefs can be liberally construed to raise numerous challenges on appeal, but each lacks merit.  We address six of them.

First, Petri challenges the dismissal of her federal claims against Ferris.  Those claims were premised solely on her allegations that Ferris's reports of abuse to the OCY defendants were false.  The District Court dismissed these claims because Petri did not allege that Ferris was a state actor or that his reports could be attributed to the state as required for claims under 42 U.S.C. § 1983.  Petri does not meaningfully challenge that conclusion, and it is correct because a private party's reports of abuse do not constitute state action in the absence of circumstances not alleged here.  See Brokaw v. Mercer

---

[2] Petri filed her notice of appeal in C.A. No. 21-1264 seeking to challenge an order terminating Ferris as a defendant while her amended complaint against the OCY defendants was still pending.  She later filed her notice of appeal in C.A. No. 21-2145 after the District Court dismissed her amended complaint.  That final decision gives us jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6).  See Talley v. Wetzel, — F.4th —, No. 19-3055, 2021 WL 4396673, at *9 n.7 (3d Cir. Sept. 27, 2021).  "To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quotation marks omitted).  We review for abuse of discretion the other rulings that Petri's briefs can be read to challenge, including the District Court's denial of further amendment, see id. at *8 n.6, its decision to decline supplemental jurisdiction, see id. at *10 n.8, and its denial of Petri's motions to disqualify opposing counsel, see Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 588 (3d Cir. 1999), and for disqualification or recusal of the Magistrate Judge, see Butt v. United Bhd. of Carpenters & Joiners of Am., 999 F.3d 882, 890-91 (3d Cir. 2021).

County, 235 F.3d 1000, 1016 (7th Cir. 2000); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (discussing the state-action requirement).[3]

Second, Petri challenges the dismissal of her claims against the OCY defendants. Petri based those claims on her allegation that the OCY defendants inadequately investigated Ferris's reports of abuse and based their indications of abuse solely on information provided by Ferris. The District Court properly construed these allegations as claims that the OCY defendants violated Petri's rights to procedural and substantive due process. As to the OCY itself, the court concluded that Petri did not allege any policy or custom that might give rise to liability under Monell v. Department of Social Services of New York, 436 U.S. 658 (1978). As to the individual OCY defendants, the court concluded that Petri failed to allege (1) that any procedures followed were constitutionally deficient, see Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999), or (2) that defendants' conduct constituted the kind of conscience-shocking behavior required for a substantive due process claim, see id. at 375.

Having carefully reviewed the record, we agree with these rulings. We separately address only Petri's substantive due process claim against the individual OCY defendants. To state that claim, Petri had to allege facts raising the inference that

_____

[3] In its first order of dismissal, the District Court treated the state-action requirement as jurisdictional and dismissed these claims under Fed. R. Civ. P. 12(b)(1). In its second order of dismissal, the District Court concluded that this defect went to failure to state a claim and that dismissal was appropriate under Rule 12(b)(6) instead. We agree, see Boyle v. Governor's Veterans Outreach & Assistance Ctr., 925 F.2d 71, 74 (3d Cir. 1991), and will affirm the dismissal of these claims on that basis.

4

defendants' investigations were so arbitrary, ill-conceived or malicious as to shock the conscience. See Mulholland v. Government County of Berks, 706 F.3d 227, 241 (3d Cir. 2013); B.S. v. Somerset County, 704 F.3d 250, 267 (3d Cir. 2013); Miller, 174 F.3d at 376. The degree of wrongfulness necessary to shock the conscience depends on the circumstances, but negligence alone is not enough. See Miller, 174 F.3d at 375.

We agree that Petri did not plausibly allege any conscience-shocking behavior. Petri alleged only that Ferris's claims of abuse were false and that the OCY defendants should have investigated them more thoroughly. Petri, however, did not allege any facts reasonably suggesting that the OCY defendants knew or should have known that the allegations were false or that they had any other reason to conduct the investigations any differently than they did. The District Court explained these defects to Petri in its first order of dismissal, but she did not cure them in her amended complaint. Instead, she responded by adding the conclusory assertion that the OCY defendants "deliberately" conducted an inadequate investigation. But Petri alleged no facts suggesting that such was the case, and that conclusory assertion does not suffice.

Third, Petri argues that we should remand so that she can amend her complaint again. She does not specify how, but she argues that her claims are supported by exhibits to which she refers as Exhibits A through V, which she further argues the District Court failed to review. Petri has not identified where those exhibits appear of record, but it appears that Exhibits A through L are attached to the OCY defendants' initial motion to dismiss at ECF No. 20 and that Petri filed the others at ECF Nos. 2, 19, 25 and 89. The

5

OCY defendants submitted Exhibits A through L in support of an alternative request for summary judgment, but the District Court declined to consider that request and instead applied the Rule 12(b)(6) standard to the allegations in Petri's complaint. The District Court did not err in that regard. In any event, we have reviewed the exhibits ourselves, and they do not support Petri's claims.[4] Nor do these exhibits or any of Petri's other filings suggest that she could plead a plausible claim if given another chance.

Fourth, Petri argues that the District Court erred in dismissing her amended complaint while her appeal at C.A. No. 21-1264 was pending. That appeal was from an interlocutory order terminating Ferris as a defendant. The District Court properly concluded that the appeal did not divest it of jurisdiction because it was from an order that was not immediately appealable. See Fed. R. Civ. P. 54(b); Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).[5]

---

[4] To the contrary, the only exhibits that are relevant to Petri's claims contradict them. Petri claims, for example, that the individual OCY defendants based their indications of abuse solely on information provided by Ferris. But these exhibits indicate that those defendants also interviewed the children at issue, their siblings, their psychologists, and Petri herself. (E.g., ECF Nos. 20-7 at 2-5; 20-9 at 4-6; 20-10 at 7.) We do not rely on these exhibits in affirming the dismissal of Petri's claims under Rule 12(b)(6). Instead, we reference them solely to address Petri's arguments on appeal regarding these exhibits.

[5] Although we lacked jurisdiction in C.A. 21-1264 when Petri filed it, we need not dismiss that part of these consolidated appeals because it ripened upon the District Court's entry of a final order. See Lazy Oil, 166 F.3d at 585-86. Petri's subsequent appeal from that final order gives us jurisdiction over the order appealed in C.A. No. 21-1264 in any event.

Fifth, Petri argues that the District Court erred in denying motions that she filed to disqualify defendants' counsel and the Magistrate Judge. The District Court did not abuse its discretion in denying those motions. As to defendants' counsel, Petri did not allege that they previously represented her or allege anything else that might have warranted disqualification. See In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 161 (3d Cir. 1984). As to the Magistrate Judge, Petri argued that he was biased because he dismissed her initial complaint. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and our review reveals nothing suggesting that this case is any exception.

Sixth and finally, Petri argues that the District Court should have informed her that it lacked jurisdiction at the beginning rather than the end of the case. We construe that argument as a reference to the court's decision not to exercise supplemental jurisdiction over Petri's state-law claims. Petri does not directly challenge that ruling, but the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction once it dismissed her federal claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123-24 (3d Cir. 2000). To the extent that Petri may be arguing that the timing of the District Court's rulings prejudiced her ability to assert her state-law claims within their statutes of limitations, the statutes of limitations were tolled under 28 U.S.C. § 1367(d). See Hedges, 204 F.3d at 123. We express no opinion on whether the statutes of

7

limitations remains open on these claims or on whether Petri can otherwise raise them in state court.[6]

III.

For these reasons, we will affirm the judgment of the District Court.

---

[6] Petri voluntarily dismissed her state-court action with prejudice before filing this federal action. She does not argue that her state-court dismissal supported the exercise of supplemental jurisdiction, so we do not address that issue except to note that the District Court was aware of the dismissal. The District Court ordered supplemental briefing on the effect of the dismissal and concluded that it did not bar Petri's claims in this case as a matter of res judicata. We express no opinion on whether the dismissal has any bearing on Petri's ability to assert her state-law claims in state court in the future.