NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-4213 & 09-2813
_____

UNITED STATES OF AMERICA

v.

NEYEMBO MIKANDA,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 1-08-cr-00130-001)
District Judge: Hon. Noel L. Hillman

Submitted Pursuant to Third Circuit LAR 34.1(a)
Friday, January 28, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS,[*] *District Judge*

(Opinion filed:  March 3, 2011)
_____

OPINION
_____

McKEE, *Chief Judge*.

_____

[*] Honorable Richard G. Stearns, District Court Judge, District of Massachusetts, sitting by
designation.

1

Neyembo Mikanda appeals the district court's judgment of conviction and sentence. For the reasons set forth below, we will affirm in part, vacate in part, and remand for resentencing.

## I.

Because we write primarily for the parties, it is not necessary to recite at length the facts of this case. Before jury deliberations began in Mikanda's trial, the district court dismissed Counts 25 and 26 of the superseding indictment *sua sponte*, and with the government's consent, because they were barred by the statute of limitations. In response, the government filed a redacted superseding indictment, in which Counts 27 and 28 were renumbered as Counts 25 and 26. Mikanda was convicted of all counts in that indictment and sentenced to eighty-four months imprisonment, a three-year term of supervised release, and restitution of $216,983.35. This *pro se* appeal followed.

## II.

Mikanda appears to argue the following: (1) the district court lacked subject matter jurisdiction and we lack appellate jurisdiction; (2) the superseding indictment was barred by the Speedy Trial Act; (3) all twenty-six counts of the indictment were barred by the statute of limitations; (4) the magistrate judge was unauthorized to preside over the pre-indictment phases of the prosecution; and (5) the district court judge was biased.[1]

---

[1] Additionally, Mikanda appears to raise the following claims: (1) his case presents a non-justiciable political question; (2) the Clerk's Office impermissibly re-numbered certain docket entries; (3) the Clerk's Office impermissibly merged Magistrate Docket Number 07-1083 with Docket Number 08-130; (4) the district court improperly admitted evidence; and (5) the court conducted a non-public trial. These claims are without legal or factual foundation and are frivolous. We reject them without discussion.

Mikanda was indicted for various federal crimes.  Accordingly, the district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 because the judgment of conviction and sentence constitutes a final order.  *See United States v. Siegel*, 477 F.3d 87, 89 (3d Cir. 2007) (finding appellate jurisdiction pursuant to 28 U.S.C. § 1291 over appeal from a judgment of conviction and sentence).

In the alternative, Mikanda claims that even if the courts have jurisdiction, the superseding indictment was barred by the Speedy Trial Act.  That Act provides in part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).  However, delays resulting from any of the following are excluded from the time requirements of the Act:

> a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Mikanda was arrested on September 27, 2007.  Accordingly, the Government had until October 26, 2007 to file an indictment or information.   On October 19, 2007, defense counsel consented to a continuance that resulted in excluding the period from October 19, 2007 to December 18, 2007.  Thus, only twenty-three days had run under the Speedy Trial Act as of December 18, 2007.  On December 20, 2007, defense counsel

consented to a second continuance, by which time two more days had elapsed out of the thirty-day Speedy Trial Act period. The December 20, 2007 continuance extended to February 18, 2008 and five days remained under the Speedy Trial Act. The government filed the first indictment on February 13, 2008, within the time-period of the second continuance. Thus, no Speedy Trial Act violation occurred between Mikanda's arrest and the filing of the initial indictment because only twenty-five non-excludable days elapsed.

A Speedy Trial Act violation will also occur if a trial does not begin within seventy days of non-excludable time following the indictment. 18 U.S.C. § 3161(c)(1). However, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable from the Speedy Trial Act calculation. 18 U.S.C. § 3161(h)(1)(D). Mikanda's pre-trial motions were pending until June 30, 2008, the day the trial began. Thus, no Speedy Trial Act violation occurred.

Mikanda's attempt to rely on the applicable statutes of limitation also fails as to all counts, with the exception of Count 25 of the redacted superseding indictment.[2] Counts 1 through 15 of the superseding indictment each charged violations of 26 U.S.C. § 7206(2). "The statute of limitations for violations of 26 U.S.C. § 7206(2) is six years, as set out in 26 U.S.C. § 6531(3)." *United States v. Kelley*, 864 F.2d 569, 574 (7th Cir. 1989); *see*

---

[2] For purposes of determining the start of the statute of limitations period, we look to the date the superseding indictment was filed, not to the filing date of the initial indictment because the superseding indictment "materially broadened" the charges. *See United States v. Oliva*, 46 F.3d 320, 324 (3d Cir. 1995) ("Where . . . the government has filed a superseding indictment, the day on which the original indictment was filed controls for statute of limitation purposes, provided that . . . the superseding indictment does not materially broaden or substantially amend the charges in the first.").

*also* 26 U.S.C. § 6531(3).  The superseding indictment was filed on May 7, 2008; therefore, it could include any violation of § 7206(2) that was completed on or after May 7, 2002.  Each of the false and fraudulent tax returns charged in Counts 1 through 15 were filed no earlier than September 13, 2002.  Accordingly, none of these counts were time-barred.

Counts 16 through 18 of the superseding indictment charged violations of 18 U.S.C. § 287.  The statute  of limitations for violations of 18 U.S.C. § 287 is five years, as set forth in 18 U.S.C. § 3282.  *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998); *see also* 18 U.S.C. § 3282(a). The superseding indictment could therefore reach violations of § 287 occurring on or after May 7, 2003.  All three false claims for the federal fuel tax credit were filed in March 2004.  Accordingly, none of these counts were time-barred.

Counts 19 through 28 charged mail and wire fraud in violation of 18 U.S.C. §§ 2, 1341, 1343 which has a limitations period of five years, as set forth in 18 U.S.C. § 3282.  *See United States v. Hoffecker*, 530 F.3d 137, 157 (3d Cir. 2008); *see also* 18 U.S.C. § 3282(a).  "The statute begins to run for mail fraud when a defendant 'places, deposits, causes to be deposited, takes, or receives mail, or knowingly causes mail to be delivered, as part of the execution of a scheme to defraud . . . .'" *Id.* (quoting *United States v. Pharis*, 289 F.3d 228, 234 n.3 (3d Cir. 2002)).  The limitations period for wire fraud begins to run when the wire communication is transmitted.  *See United States v. Eckhardt*, 843 F.2d 989, 993 (7th Cir. 1988).  The superseding indictment could therefore encompass transmittals or mailings that occurred on or after May 7, 2003.

5

As noted earlier, the district court *sua sponte* dismissed Counts 25 and 26 of the superseding indictment, and the government now concedes that Count 27 (subsequently renumbered as Count 25 in the redacted superseding indictment), which charged Mikanda with a mail fraud violation for a mailing that occurred on March 24, 2003, was barred by the statute of limitations. However, all other mailings and transmittals occurred on or after January 16, 2004. Thus, no other counts are time-barred.

Mikanda contends that the remaining twenty-five counts of conviction should be vacated because Magistrate Judge Donio did not have the authority to preside over his case before the indictment. Magistrate Judge Donio issued the arrest warrant, presided during Mikanda's initial court appearance, set the conditions of Mikanda's release, ruled on requests for continuances and Mikanda's motions to proceed *pro se*, and ruled on Mikanda's "motion to withdraw document." Although Mikanda alleges that Magistrate Judge Donio's involvement violated the Federal Magistrates Act, 28 U.S.C. §§ 631-639, he points to no specific improper action, and it is clear that Magistrate Judge Donio acted well within the authority of the Federal Magistrates Act. We also reject Mikanda's argument that Magistrate Judge Donio could not preside over his case after she issued his arrest warrant. *See Withrow v. Larkin*, 421 U.S. 35, 56 (1975) (explaining that a judge's issuance of an arrest warrant or involvement in preliminary hearings does not "raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence").

Lastly, Mikanda challenges the impartiality of the district court. When claims of judicial bias or prejudice are raised, 28 U.S.C. § 144 requires that any recusal motion

6

"must be timely filed, contain a good faith certificate of counsel, and include an affidavit stating material facts with particularity which, if true, would lead a reasonable person to the conclusion that the district judge harbored a special bias or prejudice towards defendants." *United States v. Rosenberg*, 806 F.2d 1169, 1173 (3d Cir. 1986). "A disqualification motion filed after trial and judgment is usually considered untimely unless good cause can be shown for the delay, for otherwise a party alleging bias would always await judgment in the hopes of a favorable decision." *Id.* at 1173 n.3. Although Mikanda filed a motion to disqualify the district judge, it was not filed until after his conviction and then Mikanda failed to include the required affidavit. Thus, Mikanda failed to comply with the procedural requirements of § 144.[3]

To the extent that Mikanda contends that Judge Hillman should have *sua sponte* recused himself pursuant to 28 U.S.C. § 455, Mikanda has failed to provide us with any basis for reasonably questioning the district court's impartiality.[4]

**III.**

---

[3] There is "a rarely invoked exception to § 144's statutory procedure that requires disqualification when a judge displays 'pervasive bias' towards defendants regardless of the source of the bias." *Rosenberg*, 806 F.2d at 1174. However, this exception is clearly inapplicable here since Mikanda has been unable to establish any bias.

[4] It would be cause for concern if Judge Hillman had said, as Mikanda alleges, that "his 'only concern' was for so-called 'victims.'" Appellant's Am. Br. 31. However, our careful review of the record demonstrates that Judge Hillman never made this statement. Rather, Mikanda appears to have misconstrued the following innocuous statement made by Judge Hillman at Mikanda's sentencing hearing: "My only concern now is whether or not this declaration of victim loss for Mr. Hardy filed May 18th, was made part of the record here, or simply submitted to the Court." Supp. App. 2630. Mikanda's attempt to rely on a distortion of that statement is disingenuous at best.

7

Accordingly, we will vacate the judgment of conviction and sentence on Count 25 and remand for resentencing, and affirm the judgment of conviction and sentence on all other counts.