CLD-130                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4038
_____

UNITED STATES OF AMERICA

v.

NEYEMBO MIKANDA,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 1:08-cr-00130-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2013
Before:  RENDELL, JORDAN and VANANTWERPEN, Circuit Judges

(Opinion filed March 12, 2013)
_____

OPINION
_____

PER CURIAM

        After a jury trial, Neyembo Mikanda was convicted of 15 counts of aiding and

assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2), and

several counts of false claims in violation of 18 U.S.C. § 287 and mail and wire fraud in violation of 18 U.S.C. §§ 1341 & 1343. The District Court sentenced him to 84 months in prison, with a three-year term of supervised release, and ordered restitution in the amount of $216,983.35. We affirmed the judgment on all counts but one; we vacated the judgment of conviction and sentence on one of the mail fraud charges because it was barred by the applicable statute of limitations, and we remanded the matter for resentencing. See United States v. Mikanda, 416 F. App'x 126, 128 (3d Cir. 2011).

On remand, although he was represented by counsel, Mikanda filed many pro se motions and other documents. At a hearing relating to the scope of the remand and other resentencing issues, the District Court also permitted Mikanda, himself, to present argument about his motions. Mikanda submitted three additional filings pro se after the hearing. In an order entered on September 28, 2012, the District Court denied relief on the filings that were motions and recharacterized some of the filings as notices that did not seek (or require) relief. On the same day, the District Court separately entered a judgment on resentencing. Mikanda filed a pro se notice of appeal from the order denying the motions. The notice of appeal was dated October 12, 2012, was post-marked October 15, 2012, and was received by the District Court October 19, 2012.[1]

Mikanda's appeal was listed for possible summary action. After the parties were notified, the Government filed a letter to support a grant of summary action. However,

2

the Government addressed only the District Court's judgment of resentencing (which, as we noted, is now the subject of a separate appeal). Mikanda filed a motion to stay this appeal until the District Court entered its judgment on resentencing. The Government submitted a letter to oppose the stay, noting the judgment on resentencing that the District Court entered on September 28, 2012. As the judgment was entered and there is no basis for staying this appeal, Mikanda's motion is denied. Although it seems contrary to his request for a stay, Mikanda also filed a motion to expedite this appeal. We deny that motion, too.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Upon review, we will summarily affirm the District Court's order because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Almost two months later, Mikanda filed another notice of appeal to appeal the judgment on resentencing. That appeal (C.A. No. 12-4576) proceeds separately.

[2] It is unclear whether Mikanda's notice of appeal was timely filed. It may have been because Mikanda is a prisoner who filed a pro se notice of appeal that was timely as dated. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); United States v. Rinaldi, 447 F.3d 192, 194 n.6 (3d Cir. 2006); but see Jenkins v. Sup't of Laurel Highlands, " --- F.3d ---, 2013 WL 150130, at *7 n.2 (3d Cir. Jan. 15, 2013) (noting how a prisoner can benefit from the mailbox rule of Houston by making the showing described in Rule 4(c) of the Federal Rules of Appellate Procedure). However, even if the date of the notice of appeal were its postmark date or the date it was received by the District Court, any untimeliness does not affect our jurisdiction. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 & n.5 (3d Cir. 2010) (explaining that although the time limit for taking appeals under Rule 4(b) of the Federal Rules of Appellate Procedure is a rigid deadline, it is not a jurisdictional limitation). In this case, where the delay, if any, was not inordinate and the Government has not raised an objection, we will entertain Mikanda's appeal. See id. at 329 & n.6.

We have reviewed Mikanda's filings.  They include documents which the District Court properly characterized at the hearing as notices, as well as challenges to the District Court's subject matter jurisdiction and the docketing of documents from this Court, and premature challenges to a judgment on resentencing that had not been entered.  We have considered the District Court's disposition of those motions, as well as the District Court's treatment of Mikanda's motions for release from custody because the District Court had not entered its judgment on resentencing and Mikanda's motion to have the minutes of a hearing vacated.  We find no error in any aspect of the District Court's ruling on Mikanda's various filings.[3]  Accordingly, we will affirm it.  As we noted above, Mikanda's motion to stay this appeal and his motion to expedite this appeal are denied.

---

[3] In coming to this conclusion, we also have considered the document attached to Mikanda's motion to expedite as argument in support of his appeal.