

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# USA v. Rinaldi

Precedential or Non-Precedential: Precedential

Docket No. 04-2260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rinaldi" (2006). *2006 Decisions.* Paper 1007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2260

———

UNITED STATES OF AMERICA,

v.

MICHAEL RINALDI,

Appellant.

———

On Appeal From the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 98-cr-00294-2)
District Judge: Honorable Edwin M. Kosik

———

Argued: January 17, 2006

Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed: May 8, 2006)

Joseph A. O'Brien (Argued)
Oliver, Price & Rhodes
1212 South Abington Road
P.O. Box 240
Clarks Summit, PA 18411
        Attorney for Appellant

Thomas A. Marino
  United States Attorney
John C. Gurganus, Jr. (Argued)
  Assistant United States Attorney
Office of the United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18501
      Attorneys for Appellee

———————————————

OPINION OF THE COURT
———————————————

FUENTES, Circuit Judge.

This case comes to us following a protracted and convoluted series of motions filed by Michael Rinaldi as part of his effort to collaterally attack his federal criminal sentence. Rinaldi, currently in federal custody, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion—filed pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure—to reopen the time to file an appeal in his federal habeas corpus proceeding under 28 U.S.C. § 2255. The issue presented by this appeal is whether a certificate of appealability ("COA") is required to appeal the denial of a Rule 4(a)(6) motion in a § 2255 proceeding. For the reasons that follow, we hold that a § 2255 movant must obtain a COA before appealing an order denying such a motion. Furthermore, because Rinaldi has failed to make the requisite showing to merit a COA, we will dismiss his appeal.

## I. Background

Following a jury trial, Rinaldi was found guilty of four counts relating to cocaine distribution and firearms possession: conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); knowingly using and

2

carrying firearms during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c); and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Rinaldi to an aggregate sentence of over 20 years in prison. We affirmed on direct appeal, and the Supreme Court denied Rinaldi's petition for a writ of certiorari.

In 2001, Rinaldi filed a § 2255 habeas motion to vacate, set aside, or correct his sentence.[1] Rinaldi made a number of claims for relief, including that his trial counsel rendered constitutionally ineffective assistance. The District Court appointed counsel for Rinaldi's § 2255 proceedings and held an evidentiary hearing at which Rinaldi's trial counsel testified. In June of 2002, the District Court denied Rinaldi's § 2255 motion on the merits, and subsequently denied his motion for reconsideration. Thereafter, Rinaldi filed a motion seeking the issuance of a COA, which we denied on September 3, 2003. In our order denying the COA, we noted that Rinaldi had not made "'a substantial showing of the denial of a constitutional right' on any of the claims raised in the § 2255 proceeding."

The following month, Rinaldi filed a motion in the District Court for relief from the denial of his § 2255 motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2] Rinaldi

---

[1]Under Section 2255, a prisoner in federal custody under a sentence of a court established by Congress, "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

[2]Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> On motion and upon such terms as are just, the court
> may relieve a party or a party's legal representative
> from a final judgment, order, or proceeding for the

3

attacked the integrity of his § 2255 proceeding on the ground that the District Court should have permitted him—rather than his court-appointed counsel—to cross-examine his trial counsel at the evidentiary hearing. Rinaldi also challenged his conviction, arguing that the District Court lacked jurisdiction over his criminal prosecution and that his trial counsel was ineffective for not raising this issue. The District Court denied Rinaldi's Rule 60(b) motion on November 5, 2003, noting our September 3, 2003 order denying Rinaldi's request for a COA.

Thereafter, Rinaldi filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,[3] seeking reconsideration of the District Court's denial of his Rule 60(b) motion. Rinaldi argued that the District Court improperly relied on this Court's denial of a COA with respect to the District Court's denial of his § 2255 motion because the issues presented in his Rule 60(b) motion were different from those in his § 2255 motion. The District Court denied the motion to reconsider on December 3, 2003, two days after it was filed.

Rinaldi's time to appeal the denial of his Rule 59(e)

---

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[3]Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

motion—and, by extension, his Rule 60(b) motion—expired on February 2, 2004.[4] On February 11, 2004, Rinaldi filed a motion to reopen the time in which to file his appeal of the denial of his Rule 59(e) and Rule 60(b) motions. Rinaldi based his motion upon Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which allows a district court to reopen the time to file an appeal if certain conditions are satisfied.[5] The District Court denied Rinaldi's Rule 4(a)(6) motion on February 26, 2004. This appeal followed.[6]

---

[4]Rinaldi's Rule 59(e) motion tolled the time to appeal from the denial of his Rule 60(b) motion. He had sixty days from December 3, 2003, or until February 2, 2004, to file a timely appeal.

[5]Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

Rule 4(a)(6) has since been altered by amendments that went into effect on December 1, 2005.

[6]Although the Government argues that we should dismiss this appeal as untimely, we decline to do so. The docket reflects that Rinaldi's notice of appeal was filed on May 4, 2004. The date on his notice of appeal, however, is April 26, 2004, within sixty days of the order appealed. We therefore deem his filing to be

## II. Discussion

Under 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." This Court has not addressed whether a COA is required to appeal an order denying a Rule 4(a)(6) motion in a § 2255 proceeding.

Rinaldi argues that he does not need a COA to appeal the District Court's order denying his Rule 4(a)(6) motion because such an order is not a "final order" under § 2253. He contends that, if Congress intended to require a COA in appeals from any order in a § 2255 proceeding, the statute would say so; instead, the statutory language refers only to appeals from "the final order." Thus, according to Rinaldi, because the District Court's order denying his Rule 4(a)(6) motion is not "the final order," he does not need a COA to obtain appellate review of that order.

The Government disagrees, contending that the term "final order" in § 2253(b)(1)(B) is not limited to the order denying the § 2255 motion. The Government notes that an appeal from the denial of a Rule 60(b) motion in a § 2254 habeas proceeding requires a COA, see Morris v. Horn, 187 F.3d 333, 339 (3d Cir. 1999), and that the COA requirement also applies to the dismissal of a § 2254 habeas petition on procedural grounds, see Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Government further argues that application of the COA requirement to appeals of Rule 4(a)(6) motions accords with congressional intent to limit habeas litigation.

We agree with the Government's view. As a general matter, an order denying a Rule 4(a)(6) motion is a "final decision" for purposes of appeal. 28 U.S.C. § 1291. Furthermore, we believe that requiring a § 2255 movant to obtain a COA to appeal the

_____

timely. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a filing by a prisoner be deemed timely as of the date it is handed to prison officials for delivery).

6

denial of a Rule 4(a)(6) motion comports with the language of § 2253 and is consistent with Congress's intent to screen out meritless appeals from denials of habeas relief. We therefore hold that an order denying a Rule 4(a)(6) motion is a "final order" under § 2253, and that a COA is required to appeal such an order in a § 2255 proceeding. See Eltayib v. United States, 294 F.3d 397, 399 (2d Cir. 2002) (holding that a COA is necessary to obtain appellate review of an order denying a Rule 4(a)(6) motion in a habeas proceeding); cf. Greenawalt v. Stewart, 105 F.3d 1268, 1272 (9th Cir. 1997) (holding that a certificate of probable cause—a precursor to the COA—is necessary to obtain appellate review of an order denying a Rule 4(a)(6) motion in a habeas proceeding), abrogated on other grounds recognized by Jackson v. Roe, 425 F.3d 654, 658-61 (9th Cir. 2005).

We turn next to whether Rinaldi has made the requisite showing to merit a COA. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Second Circuit pointed out in Eltayib, where the substance of the appeal underlying a Rule 4(a)(6) motion is without merit, to grant a COA with respect to the district court's denial of the Rule 4(a)(6) motion would be a waste of judicial resources. See Eltayib, 294 F.3d at 400 ("[B]y definition, a successful appeal of the denial of the [Rule 4(a)(6) motion] would, at best, result in the ultimate denial by this Court of a subsequent (and now timely) motion for a certificate of appealability with respect to the original order disposing of the motion pursuant to § 2255."). In order to avoid such an outcome, we will grant a COA to challenge the denial of a Rule 4(a)(6) motion only if the § 2255 movant shows: (1) that jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 4(a)(6) motion; and (2) that jurists of reason would find the district court's assessment of the constitutional claims in the underlying order debatable or wrong.

Rinaldi has failed to make the requisite showing. Even if he were able to show that the District Court abused its discretion when it denied his Rule 4(a)(6) motion, Rinaldi has not satisfied the second prong of the two-part test. In his Rule 60(b) motion, Rinaldi argued: first, that the District Court should have permitted

7

him—not his court-appointed counsel—to cross-examine his trial counsel at the evidentiary hearing, and second, that the District Court lacked jurisdiction over his criminal prosecution and that his trial counsel was ineffective for not raising that issue. Based on our review of the record, we conclude that Rinaldi has failed to show that jurists of reason would find the District Court's assessment of the constitutional claims underlying his Rule 60(b) motion debatable or wrong.[7]  For this reason, we will not issue a COA with respect to the District Court's denial of Rinaldi's Rule 4(a)(6) motion.

## III.  Conclusion

For the reasons stated above, we hold that a § 2255 movant must obtain a certificate of appealability in order to appeal an order denying a motion pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.  Because Rinaldi has failed to make a showing that reasonable jurists would find the District Court's assessment of the claims raised in his Rule 60(b) motion debatable or wrong, we will not issue a COA and we will dismiss his appeal.

---

[7]As Rinaldi's current attorney conceded at oral argument, Rinaldi has failed to state what questions he was precluded from asking at his evidentiary hearing, or to explain how he was prejudiced.  The District Court also properly rejected Rinaldi's jurisdictional argument because it constitutes a second or successive collateral attack on his underlying conviction, which we have not authorized the District Court to consider. See 28 U.S.C. § 2244; Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).