

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# Velentzas v. Yates

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4010

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Velentzas v. Yates" (2008). *2008 Decisions.* Paper 1636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4010
_____

SPYREDON VELENTZAS,
                                  Appellant

vs.

Warden S. A. YATES; ULISES VARGAS; FELIZ, (FNU) Health Services
Administrator; J.G. ESPARZA, Asst. Warden Operations; UNITED STATES OF
AMERICA; ROBERT G. MIGLIORINO, D.O. Clinical Director; MICKY RAY,
Regional Director; KATHLEEN HAWK-SAWYER, Director Central Office


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00615)
District Judge: Honorable John E. Jones III
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and IOP 10.6
December 21, 2007
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Filed  February 6, 2008)
_____

OPINION
_____

1

PER CURIAM.

This is an appeal from the District Court's denial of Spyredon Velentzas's motion to re-open his case. For the following reasons, we will summarily affirm. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

In March 2004, Velentzas, a federal prisoner, initiated a Bivens action against various prison officials.[1] Velentzas alleged that he received sub-standard dental care while housed at the Federal Correctional Institution in White Deer, Pennsylvania (FCI-Allenwood). The District Court, adopting the Report and Recommendation of the Magistrate Judge, dismissed his complaint on March 17, 2005. On October 1, 2007, Velentzas filed a motion to re-open his case under Federal Rule of Civil Procedure 60(b) and to re-open the time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6). The District Court denied the motion and Velentzas appealed.

We review the District Court's denial of a Rule 60(b) motion for abuse of discretion. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We likewise review the denial of Fed. R. App. R. 4(a)(6) relief for abuse of discretion. See U.S. v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006).

Reopening the period in which to appeal is governed by Rule 4(a)(6). Under 4(a)(6), a party must establish that he or she did not receive notice pursuant to Rule

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

2

77(d) of the Federal Rules of Civil Procedure. Moreover, the 4(a)(6) motion must be filed within 180 days of the entry of judgment or within 7 days of the party's receipt of notice, whichever is earlier. Appellant asserts that he did not receive notice that his case had been dismissed until he received an August 17, 2007 Report and Recommendation in a more recent lawsuit he filed in the same court.[2] However, the last day to file a 4(a)(6) motion would have been February 10, 2006, or 180 days after the entry of judgment.[3] Therefore, the District Court did not abuse its discretion in denying Rule 4(a)(6) relief.

The District Court also did not abuse its discretion in denying the motion under Rule 60(b) of the Federal Rules of Civil Procedure. Velentzas's only argument in support of the 60(b) motion was that he did not receive notice of the District Court's dismissal. The rule in this circuit is clear: where the sole basis for a Rule 60(b) motion is a party's lack of notice, the motion must meet the time limitations of Rule 4(a). See Hall v. Cmty. Mental Health Ctr. of Beaver County, 772 F.2d 42, 44 (3d Cir. 1985). As noted above, Velentzas failed to meet the time limitations of Rule 4(a), therefore the District Court properly denied his Rule 60(b) motion.

Finally, the docket shows that Velentzas filed two documents after the

---

[2] Velentzas v. United States, No. 07-CV-1255 (M.D. Pa. filed July 11, 2007).

[3] The District Court's March 17, 2005 judgment did not comply with the separate judgment rule. See Fed. R. Civ. P. 58(a). Thus, for Rule 4(a) purposes, the judgment was entered 150 days after the entry of the judgment on the District Court civil docket, or August 15, 2005. See Fed. R. App. P. 4(a)(7)(A)(ii).

District Court closed the case. The filing on October 11, 2005, would be a timely motion pursuant to Rule 4(a)(6), however, it did not evince an intent to appeal, let alone an intent to request reopening the time to appeal. The June 12, 2006 letter requesting an update on the status of his case would be untimely under any relevant provision of 4(a).

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the decision of the District Court. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.