

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2008

# In Re: Bernard Campb

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3904

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Bernard Campb " (2008). *2008 Decisions.* Paper 349.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/349

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3904
_____

IN RE: BERNARD CAMPBELL,
                                            Petitioner


_____


On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 01-cr-0213)
_____


Submitted Pursuant to Rule 21, Fed. R. App. P.
September 30, 2008
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: October 17, 2008)
_____

OPINION
_____

PER CURIAM.

        Bernard Campbell filed this pro se mandamus petition pursuant to 28

U.S.C. § 1651, seeking an order that the District Court reopen the time to file a notice of

appeal with regard to its denial of his motion to vacate his sentence under 28 U.S.C. §

2255.  For the reasons that follow, we will deny the petition.

By memorandum and order dated June 13, 2007, the District Court denied Campbell's § 2255 motion. Campbell did not file a timely appeal from that order. See Fed. R. App. P. 4(a)(1)(B). However, on December 14, 2007, Campbell filed a Rule 4(a)(6) motion to reopen the time for an appeal. See Fed. R. App. P. 4(a)(6). The District Court, without explanation, denied the motion on January 10, 2008. Campbell took no further action until more than seven months later, when he submitted a petition for a writ of mandamus with this Court on August 18, 2008. Therein he requests the same relief that he sought in his Rule 4(a)(6) motion: that this Court reopen the time for an appeal of the District Court's denial of his § 2255 motion. In support of that request, Campbell claims in his mandamus petition that the District Judge denied his Rule 4(a)(6) motion "because of bias and prejudice."

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It is not a substitute for an appeal. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction"). Campbell could have filed a notice of appeal from the District Court's order denying his Rule 4(a)(6) motion, see United States v. Rinaldi, 447 F.3d 192, 194 (3d Cir. 2006), and he provides no explanation in his mandamus petition as to why he was unable to do so. Thus, Campbell has not demonstrated that he is entitled to mandamus relief, and we will

2

deny his petition accordingly.  Moreover, to the extent that Campbell is asking this Court to grant him relief under Rule 4(a)(6), we are without authority to do so as that is the province of a district court.  See id.; Fed. R. App. P. 4(a)(6).