**BLD-087**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3987
_____

RODNEY ASH,
                                        Appellant

v.

PHILADELPHIA PRISON SYSTEM; COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY; CITY OF PHILADELPHIA; JANE DOE 2; JANE DOE 1;
JOHN DOE 11; JOHN DOE 10; JOHN DOE 9; JOHN DOE 8; JOHN DOE 7; JOHN
DOE 6; JOHN DOE 5; JOHN DOE 4; JOHN DOE 3; JOHN DOE 2; JOHN DOE 1;
THOMAS COSTELLO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-00556)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

January 13, 2011

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 20, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Rodney Ash appeals from the District Court's order denying his motion to reopen the time to file an appeal, and from the Court's subsequent order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, see United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006), and we review the District Court's orders for abuse of discretion, see id. (order denying motion to reopen); Tai Van Le v. Univ. of Pa., 321 F.3d 403, 406 (3d Cir. 2003) (order denying motion for reconsideration). For the following reasons, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In February 2004, Ash filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Philadelphia Prison System; Thomas Costello, the commissioner of the Philadelphia Prison System; the Philadelphia County Court of Common Pleas, and 13 John Doe and Jane Doe defendants. Ash alleged, among other things, that while incarcerated he was misdiagnosed with a psychiatric illness and then subjected to unwarranted and unwanted treatment for that illness.

The named defendants filed motions to dismiss, which the District Court granted on December 23, 2004. The District Court directed Ash to supply the names of the Doe defendants by May 16, 2005. Ash failed to comply, and the District Court dismissed the complaint without prejudice on May 18, 2005.

In August 2005, Ash filed a motion for summary judgment against the Philadelphia Prison System, which the District Court "terminated" due to its earlier order

dismissing the case. Ash filed nothing else until August 2009; then, he filed a series of documents stating that he had not received the District Court's December 23, 2004 order and reasserting his claims. These filings did not, in any clear sense, request action from the District Court, and the Court did not rule upon them.

On May 15, 2010, Ash filed a notice of appeal (docketed at No. 10-2460), challenging the District Court's December 23, 2004 order. While that appeal was pending, Ash requested that the District Court reopen the time to file an appeal. Noting that Ash's appeal in No. 10-2460 remained open, the District Court dismissed the motion to reopen. On August 19, 2010, we concluded that Ash's notice of appeal was untimely and thus dismissed the appeal for want of jurisdiction. Ash then asked the District Court reconsider its order refusing to reopen the time to appeal; the District Court denied the motion, and Ash initiated the appeal that is at issue here.[1] Ash has also asked this Court to appoint counsel.

We agree with the District Court that Ash is not entitled to the relief he seeks. Ash's motion to reopen the period in which to appeal is governed by Rule 4(a)(6) of the Federal Rules of Appellate Procedure. Under Rule 4(a)(6), a party must establish that he or she did not receive notice of a judgment pursuant to Rule 77(d) of the Federal Rules of

---

[1] After the District Court denied Ash's motion to reopen, he filed a timely motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, which tolled the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(iv). The District Court denied the Rule 59(e) motion on September 14, 2010, and Ash then filed a timely notice of appeal on October 4, 2010.

Civil Procedure. The Rule 4(a)(6) motion must be filed within 180 days of the entry of judgment or within 14 days of the party's receipt of notice, whichever is <u>earlier</u>. Thus, the rule "establishes an outer time limit of 180 days within which a party who has not received notice of the entry of a judgment may request a limited extension." <u>Marcangelo v. Boardwalk Regency</u>, 47 F.3d 88, 90 (3d Cir. 1995) (internal quotation marks omitted).

Here, the District Court entered its order dismissing the case on May 18, 2005.[2] Ash's Rule 4(a)(6) motion was thus due by November 14, 2005. However, he did not submit any such filing to the Court until, at the very earliest, August 4, 2009, well outside the 180-day period. The District Court therefore did not abuse its discretion in denying Rule 4(a)(6) relief. Moreover, given the fact that the Court correctly denied Ash's Rule 4(a)(6) motion, we also conclude that the Court did not abuse its discretion in refusing to reconsider that order. <u>See</u> <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).

We will thus summarily affirm the District Court's orders denying Ash's motion to reopen the time to appeal and his motion for reconsideration. <u>See</u> 3d Cir. L.A.R. 27.4;

---

[2]     The District Court dismissed Ash's amended complaint <u>without</u> prejudice. However, given Ash's insistence in his later filings that he has presented meritorious claims, we conclude that he has elected to stand on that complaint. <u>See</u> <u>Borelli v. City of Reading</u>, 532 F.2d 950, 952 (3d Cir. 1976). Further, although Ash has claimed only that he did not receive notice of the District Court's December 23, 2004 order that granted the motions to dismiss filed by named defendants, we will assume that he also did not receive notice of the Court's May 18, 2005 order dismissing the amended complaint.

4

I.O.P. 10.6.  We will also deny Ash's motion for appointment of counsel.