DLD-229                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2155
_____

ANDRE PAIGE,
                                        Appellant,

v.

RONNIE HOLT, WARDEN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-00701)
District Judge: Honorable Malcolm Muir
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 15, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Andre Paige was sentenced on January 27, 2006, in the United States

District Court for the Middle District of Florida to life imprisonment for aiding and

abetting murder with the intent to prevent communication to a federal official relating to

commission of a federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C). The Court of Appeals for the Eleventh Circuit affirmed on July 18, 2007 in United States v. Paige, 241 Fed. Appx. 620, 624-25 (11th Cir. 2007), holding, among other things, that a reasonable jury could find that Paige and his co-defendants killed Officer Horner to prevent him from reporting their robbery activities. Paige timely filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, alleging nine grounds for relief, including prosecutorial misconduct and ineffective assistance of counsel. That motion was denied. See Paige v. United States, 2009 WL 700659 (M.D. Pa. March 16, 2009).

Paige, an inmate at the United States Penitentiary – Canaan in Waymart, Pennsylvania, then filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, in which he challenged his conviction and sentence. In an order entered on April 12, 2010, the District Court dismissed the petition for lack of jurisdiction, concluding that persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence under 28 U.S.C. §2255, and not 28 U.S.C. § 2241. Paige did not timely appeal this order.

On January 3, 2011, Paige filed a motion for reconsideration in the district court, invoking Federal Rule of Civil Procedure 60(b) and asserting that he first learned on December 8, 2010, that his case had been dismissed. He asked that his case be reopened under Federal Rule of Appellate Procedure 4(a)(6), because the Clerk of the District Court failed to provide him with a copy of the order as required by Federal Rule of Civil

2

Procedure 77(d). Paige also urged the District Court to consider his federal habeas corpus petition on the merits.

In an order entered on April 18, 2011, the District Court denied Rule 60(b) relief and denied Paige's request to extend the time to appeal under appellate Rule 4(a)(6). The court held that Paige's claim of error was cognizable under subparagraph (6), the catch-all provision of Rule 60(b), but he was unable to demonstrate the existence of any extraordinary circumstances that would warrant reopening his case. He had merely reasserted his baseless contention that he could resort to federal habeas corpus to challenge his conviction and sentence, and Rule 60(b)(6) may not be used as a substitute for an appeal. The District Court also determined that Paige's motion for an extension to appeal under appellate Rule 4(a)(6) was untimely filed.

Paige has timely appealed the District Court's order denying his Rule 60(b) motion and motion for an extension to appeal under appellate Rule 4(a)(6). We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Paige that we might act summarily to dispose of the appeal.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We review the denial of a Rule 60(b) motion for an abuse of discretion. See, e.g., Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999). Relief in the form of reopening the judgment is available only when the case presents extraordinary circumstances. See, e.g., Martinez-McBean v. Gov't of Virgin

3

Islands, 562 F.2d 908, 911 (3d Cir. 1977). The District Court correctly determined that Rule 60(b) relief is not intended to be a substitute for an appeal, nor does an assertion of legal error warrant reopening the judgment. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (Rule 60(b) motion may not be used as a substitute for an appeal, and legal error, without more, does not warrant relief under that provision). Accordingly, the court did not abuse its discretion in denying Paige's Rule 60(b) motion.

We review the denial of a motion for an extension of time to appeal under appellate Rule 4(a)(6) for an abuse of discretion. United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006). Rule 4(a)(6) provides that the "district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" where "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the … order sought to be appealed within 21 days after entry," and "no party would be prejudiced." Fed. R. App. Pro. 4(a)(6)(A), (C). But any motion for an extension under this rule must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier.*" Id. at Rule 4(a)(6)(B) (emphasis added).

The District Court correctly determined that Paige's motion needed to be filed on or before Monday, October 12, 2010, see Fed. R. Civ. Pro. 6(a)(1)(C) (if last day of filing period is Saturday, filing period extended until the following Monday), because this date is earlier than December 22, 2010, which was fourteen (14) days after the date when

4

Paige learned of the court's order. Paige's motion for an extension was not filed until January 3, 2011, more than two months beyond the October 12, 2010 deadline, and, even if he gave his motion to prison authorities for mailing on December 14, 2010, as his certificate of service indicates, his motion is still untimely filed because the due date for his motion under Rule 4(a)(6)(B) was the *earlier* of October 12, 2010 or December 22, 2010. Accordingly, the court did not abuse its discretion in denying Paige's motion for an extension of time to appeal.[1]

For the foregoing reasons, we will summarily affirm the order of the District Court denying Paige's Rule 60(b) motion and motion for an extension of time to appeal under appellate Rule 4(a)(6).

---

[1] For Paige's benefit, we note that, even if he had timely appealed the District Court's original order, we would have summarily affirmed. As fully explained by the District Court, a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a federal habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective simply because Paige may be prevented by the gatekeeping requirements of the statute, see 28 U.S.C. § 2255(h), from litigating his claims in a second or successive section 2255 motion.