**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3796
_____

PATRICK E. WAREFIELD,
                                             Appellant

v.

NANCY WAREFIELD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-03946)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: July 7, 2014 )
_____

OPINION
_____

PER CURIAM

    Appellant Patrick Warefield appeals from an order of the District Court which

effectively denied his motion to reopen the time to file an appeal.  We will affirm.

Warefield filed a complaint seeking to have the District Court enforce an oral agreement he entered with his mother regarding the purchase of her home. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) for lack of diversity jurisdiction because the parties were both from Pennsylvania. Warefield filed an untimely notice of appeal, but he also indicated that the District Court's order was not mailed to him until almost a month after it was issued. We remanded the matter for the District Court to consider what we construed as Warefield's motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). In June 2013, the District Court ordered Warefield to file a brief in support of his Rule 4(a)(6) motion within thirty days and noted that the court would not reopen the time to file an appeal if he failed to do so. Warefield did not file a brief, and the District Court closed the matter on August 26, 2013. This appeal followed.

We exercise jurisdiction under 28 U.S.C. § 1291. See U.S. v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006). By closing the matter after Warefield failed to file a brief in support of his motion, the District Court effectively denied the motion. We perceive no error in that decision, and Warefield presents no persuasive argument to the contrary.

Accordingly, we will affirm the judgment of the District Court.[1]

---

[1] After the District Court closed Warefield's case, we dismissed his first appeal for lack of appellate jurisdiction. We note that, even if the time to file an appeal were reopened and we had jurisdiction over that appeal, there appears to be no error in the District Court's decision that it lacked jurisdiction over the case. The complaint established no basis for federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332(a)(1).