**ALD-362**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1805
_____

UNITED STATES OF AMERICA

v.

MICHAEL RINALDI,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3-98-cr-00294-002)
District Judge:  Honorable Edwin M. Kosic
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 5, 2014
Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 5, 2014)
_____

OPINION[*]
_____

PER CURIAM

       In 1999, Michael Rinaldi was convicted of federal drug and weapons violations

_____

       [*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and the District Court orally sentenced him to 248 months in prison.  We affirmed.  Since then, Rinaldi has filed over a dozen unsuccessful collateral challenges to his convictions and sentence, including the "protracted and convoluted series of motions" that we addressed in United States v. Rinaldi, 447 F.3d 192, 192 (3d Cir. 2006).  Most recently, he filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking to reopen the denial of his motion under 28 U.S.C. § 2255 on the basis of Alleyne v. United States, 133 S. Ct. 2151 (2013).  The District Court denied that motion, and we denied a certificate of appealability to appeal that ruling in C.A. No. 14-1554.

During briefing on Rinaldi's Rule 60(b) motion, the parties noted that, although the District Court orally sentenced Rinaldi to an aggregate prison term of 248 months, the written judgment inaccurately states that his "total term" is 188 months.[1]  Rinaldi then filed a separate motion to "amend" his judgment to provide for concurrent sentences and an aggregate term of 188 months.  The District Court instead entered an order amending the written judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure to provide for the 248-month aggregate sentence it orally imposed.  Rinaldi appeals.[2]

---

[1] The District Court orally sentenced Rinaldi to 188 months in prison on certain counts to be followed by a mandatory consecutive sentence of 60 months under 18 U.S.C. § 924(c), for a total aggregate term of 248 months.  The written judgment accurately states that Rinaldi's 188-month and 60-month terms are to run consecutively but inaccurately identifies the 188 month sentence as his "total term."

[2] The District Court's order does not mention Rinaldi's motion to amend his judgment, and the District Court docket does not otherwise reflect a ruling on that motion, but the District Court's order implicitly denies Rinaldi's motion because it is inconsistent with the relief Rinaldi requested.  See United States v. Freeman, — F.3d —, No. 09-2166,

2

Rule 36 provides in relevant part that "the court may at any time correct a clerical error in a judgment." Fed. R. Crim. P. 36. "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). That is how the District Court used it in this case, and our review confirms that the District Court properly used it to conform the written judgment to the sentence it orally imposed. See Rinaldi, 447 F.3d at 193 (noting that "[t]he District Court sentenced Rinaldi to an aggregate sentence of over 20 years in prison").

Rinaldi does not argue otherwise or challenge the District Court's application of Rule 36. Instead, and for the first time on appeal, he argues that the District Court should have "corrected" his sentence under Rule 35(a) of the Federal Rules of Criminal Procedure because it is illegal under Alleyne and because his conviction under 18 U.S.C. § 924(c) is invalid under United States v. Watson, 552 U.S. 74 (2007). Rinaldi may not raise these § 2255-like arguments under Rule 35(a) at this stage, let alone for the first time on appeal. Rule 35(a) authorizes the correction of a sentence for "arithmetical,

2014 WL 4056553, at *18 n.10 (3d Cir. Aug. 18, 2014). Rinaldi's notice of appeal is dated one day after the deadline for appealing under Fed. R. App. P. 4(b)(1)(A), but that deadline is not jurisdictional and the Government has not sought its enforcement. See United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012). Rinaldi does not require a certificate of appealability for this appeal because the District Court's amendment of the written judgment is not "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). We thus have jurisdiction pursuant to 28 U.S.C. § 1291. We have not yet established a standard for reviewing the District Court's amendment of a judgment under Rule 36, but we need not do so in this case because we would affirm under any potentially applicable standard.

3

technical, or other clear error," but the version of the rule in force at the time of Rinaldi's conviction permitted such correction only within seven days after sentencing, which has long since passed.[3] That time limitation is jurisdictional. See United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007). After that period, a defendant may seek relief from an allegedly illegal sentence under § 2255. See id. at 462. Rinaldi already has sought relief under § 2255 on many occasions and is subject to the restrictions on filing second or successive § 2255 motions, of which he is well aware. He cannot evade those restrictions by invoking Rule 35(a), see United States v. Boyd, 591 F.3d 953, 965-57 (7th Cir. 2010), and Rule 35(a) bars his attempt to do so by its own terms in any event.

For these reasons, we will affirm the judgment of the District Court.

---

[3] Rule 35(a) was amended in 2009 to permit corrections within 14 days after sentencing.