DLD-024                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3416
_____

ANDRE JACOBS,

Appellant

v.

SUPERINTENDENT ALBION SCI, Warden; ATTORNEY GENERAL UNITED STATES OF
AMERICA; UNITED STATES ATTORNEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-14-cv-00276)
District Judge: Honorable Gustave Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: November 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Andre Jacobs appeals pro se from an order of the District Court denying his motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). As the appeal does not present a substantial question, we will summarily affirm the order of the District Court.

I.

In 2015, Jacobs filed a 28 U.S.C. § 2241 petition in the Western District of Pennsylvania, which the District Court dismissed by order entered on June 24, 2015. Jacobs filed a notice of appeal from this order (at C.A. No. 15-3392) on October 1, 2015, beyond the sixty-day time limit contemplated by Federal Rule of Appellate Procedure 4(a)(1)(B). In conjunction with his notice of appeal, he also submitted an "Affidavit of Timeliness," in which he claimed that he did not receive the order dismissing his petition until September 28, 2015, attributing the delay to interference with his mail by officials at the Luzerne County Correctional Facility.[1] We subsequently remanded the matter to the District Court to determine whether his "Affidavit of Timeliness" qualified as a motion under Federal Rule of Appellate Procedure 4(a)(6), and if so, whether to grant it. By order entered August 8, 2016, the District Court construed Jacobs' "Affidavit of Timeliness" as a Rule 4(a)(6) motion, but denied it, finding that Jacobs "was served notice within the meaning of Rule 77(d)(l) and Rule 5(b)(2)(C) when the orders

---

[1] Jacobs claimed to have filed "at least ten administrative grievances . . . alleging the destruction or obstruction of [his] incoming and outgoing personal and legal mail." He has not submitted these grievances to the District Court or this Court.

2

[dismissing his petition] were mailed to [him] on June 24, 2015." This timely appeal ensued.

We have appellate jurisdiction under 28 U.S.C. § 1291 and review the denial of a Rule 4(a)(6) motion for abuse of discretion. See United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir.2006). We may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

Under Rule 4(a)(6), a district court may reopen the time to file an appeal for 14 days after the order to reopen is entered if no party would suffer prejudice and the following conditions are met: (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;" and (2) "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(A)-(C).

The District Court found that Jacobs could not satisfy the first condition because he "was served notice [of the order] within the meaning of Rule 77(d)(l) and Rule 5(b)(2)(C) when the orders [dismissing his petition] were mailed to [him] on June 24, 2015." Rule 5(b)(2)(C) provides that "service is complete upon mailing," and the District Court found that Jacobs received notice of the order because the clerk mailed it to the

3

Luzerne County Correctional Facility, and Jacobs conceded that he was, in fact, housed there at the time of mailing. As the movant, Jacobs bears the burden of proving delayed receipt, McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002), and he offers only unsubstantiated allegations of mail interference by prison officials.[2] This lack of credible evidence, standing alone, is a sufficient basis to deny relief.

It also appears that he cannot satisfy Rule 4(a)(6)'s second requirement – that "the motion [be] filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Jacobs concedes that he "heard through a non-party at the end of August that . . . the court had dismissed [his] petition," yet did not file his motion until September 29, 2015, more than 14 days after receiving actual notice of the order.[3] Notice aside, a district court "may consider a litigant's diligence to some degree in its exercise of discretion under Rule 4(a)(6)." In re WorldCom, Inc., 708 F.3d 327, 340 n.68 (2d Cir. 2013) (noting that "a litigant who never receives [formal] notice but becomes fully aware of the judgment a month after entry could not be entitled to a favorable exercise of discretion if without justification he fails to move for Rule 4(a)(6) relief until just before the 180–day deadline"). Jacobs failed to exercise reasonable diligence in at

---

[2] He did not submit any of the alleged grievances he filed concerning interference with his mail.

[3] The Eighth and Ninth Circuits have concluded that Rule 4(a)(6)'s filing deadline begins to run when a movant receives actual notice of an order. Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 359 (8th Cir. 1994); Nunley v. City of Los Angeles, 52 F.3d 792, 794 (9th Cir. 1995).

least two significant respects here – he neglected to periodically check the docket for the Court's order resolving his § 2241 petition,[4] and after receiving actual notice of this order, he waited almost a month before filing a notice of appeal.  For these reasons, we will affirm the order of the District Court.

---

[4] See Latham v. Wells Fargo Bank, 987 F.2d 1199, 1201 (5th Cir. 1993) ("Implicit in [Rule 77(d)] is the notion that parties have a duty to inquire periodically into the status of their litigation.").