**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1020
_____

MEL M. MARIN,
                    Appellant

v.

PITTSBURGH TRIBUNE REVIEW
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-cv-00346)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: July 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mel M. Marin appeals orders of the District Court denying relief from dismissal of two identical lawsuits he filed against the Pittsburgh Tribune-Review.

I.

Marin filed complaints in March and April 2016. His claims—defamation and fraud—related to the April 29, 2015 publication of a profile on Marin regarding his candidacy for commissioner of Armstrong County, Pennsylvania. The first case was given docket number 2:16-cv-00346 ("Case No. 346"); the second, docket number 2:16-cv-00536 ("Case No. 536"). Both were assigned to the Honorable Mark R. Hornak.

Case No. 346

Marin did not pay the filing fee to initiate his first action; he instead applied to proceed in forma pauperis ("IFP"). By order entered March 29, 2016, the District Court dismissed Marin's complaint and his IFP application without prejudice because Marin's proof of indigence was signed almost eight months before it was filed.

The District Court invited Marin to submit a non-stale financial declaration, but he did not. Instead, months later, Marin filed a "motion to seal planned records to show diversity" (a filing seemingly intended for Case No. 536), as well as a motion to vacate the District Court's order of dismissal under Fed. R. Civ. P. 60(b), or, in the alternative, to extend or reopen the time to appeal under Fed. R. App. P. 4(a). Marin claimed in the motions that he never received a copy of the District Court's order by mail (a claim seemingly intended for Case No. 536).

Case No. 536

As in the earlier-filed case, in the second one Marin filed a complaint and an application to proceed IFP. The District Court was skeptical of the allegations in the complaint regarding diversity jurisdiction because of the nature of Marin's suit and the conflicting addresses he had used in a different case. The District Court thus entered an order on May 3, 2016, requiring Marin to submit "a verified declaration or affidavit" setting forth certain facts supporting his purported out-of-state citizenship.

Soon after, Marin filed an unsigned "supplement" to his IFP application. The District Court dismissed the "supplement," reminded Marin of its May 3, 2016 order, and allowed three weeks for him to comply with that order. The District Court warned Marin in clear terms ("This is the Plaintiff's final chance") that non-compliance would result in dismissal. But Marin did not comply. As a result, the District Court denied Marin's IFP application and dismissed the case without prejudice based on an apparent lack of subject matter jurisdiction under 28 U.S.C. §1332(a). Four months later, Marin filed motions to seal and to vacate/reopen substantively identical to those filed in Case No. 346.[1]

\* \* \*

By orders entered on December 5, 2016, the District Court denied Marin's motions to vacate/reopen without prejudice to his "filing of any factually and legally supported Motions for such relief as he deems necessary and proper." In addition, the

---

[1] Unlike in Case No. 346, the motions filed in Case No. 536 were unsigned.

District Court consolidated Case Nos. 346 and 536 under the docket of the first case, and compelled Marin to use the CM/ECF system going forward.[2] Marin appealed.

## II.

We first address our jurisdiction. The notice of appeal is timely only as to the District Court's December 5, 2016 orders, which denied Marin's motions for relief from dismissal "without prejudice." An order disposing of a matter without prejudice permits further action in the district court and thus, as a general rule, is not "final" and immediately appealable under 28 U.S.C. § 1291.[3] However, when a complaint or other pleading suffers from a defect that cannot be cured by amendment, or if the plaintiff elects to "stand" on his or her pleading, a without-prejudice order of dismissal is final as a practical and legal matter and we may exercise appellate jurisdiction.[4]

Marin argues that the District Court's orders denying relief from dismissal were effectively with prejudice because the statute of limitations on his claims had already run; any pleading amendment or supplemental filing would have been futile.[5] Marin is only half right. His claims for defamation and fraud concerned events in April 2015. While,

---

[2] CM/ECF "is a computer case management system that allows courts to maintain electronic case files and attorneys to file (and serve) documents through the Internet." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 321 n.1 (3d Cir. 2012). But for the District Court's order, its local rules would have exempted Marin, as a pro se litigant, from mandatory e-filing. See W.D. Pa. Civ. R. 5.5.

[3] See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam).

[4] See id. at 951-52.

[5] See, e.g., Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1156 (3d Cir. 1986).

at the time of the District Court's December 5, 2016 orders, the one-year limitation on Marin's defamation claim had run, the two-year limitation for his fraud claim had not.[6]

Regardless, we gather from Marin's words and conduct in this Court and the District Court that his intent is to stand on his complaints in their dismissed form.[7] We thus have jurisdiction.[8]

III.

As Marin has been proceeding pro se, his filings will be liberally construed.[9] Marin's claims on appeal attack the decisions by the District Court denying relief from dismissal in both Case No. 346 and Case No. 536.

As noted above, in Case No. 346, the District Court denied Marin's IFP application without prejudice—based on his submission of stale financial information—in order to facilitate the indigence inquiry. That was an appropriate exercise of the

---

[6] Compare 42 Pa. C.S. § 5523(1) (defamation) with 42 Pa. C.S. § 5524(7) (fraud).
[7] See Frederico v. Home Depot, 507 F.3d 177, 192-93 (3d Cir. 2007); Semerenko v. Cendant Corp., 223 F.3d 165, 172-73 (3d Cir. 2000).
[8] The District Court does not appear to have considered whether Marin was entitled to relief under Rule 60(b) or Appellate Rule 4(a), instead denying his motions because of continued non-compliance with court orders. Were one of the December 5, 2016 orders read to deny relief under Rule 60(b) or Appellate Rule 4(a), the order would be final and immediately appealable, cf. United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006); Isidor Paiewonsky, Inc. v. Sharp Props., Inc., 998 F.2d 145, 149-50 (3d Cir. 1993), and would be reviewed for abuse of discretion, see Norris v. Brooks, 794 F.3d 401, 403 n.1 (3d Cir. 2015); Rinaldi, 447 F.3d at 195. Our standard of review is the same if the District Court's orders are read as denials of motions to reconsider dismissal. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).
[9] Marin used to be a practicing attorney. The rule of liberal construction of pro se pleadings may not apply to those drafted by, or with the assistance of, the legally trained. Cf. Allen v. Aytch, 535 F.2d 817, 821-22 n.21 (3d Cir. 1976). However, the record

District Court's discretion. At no point thereafter, in Case No. 346, did Marin attempt to pay the filing fee or comply with the District Court's order to provide a new financial declaration. It was thus proper for the District Court to deny relief from dismissal, without prejudice, unless and until the issue of payment for the litigation was resolved.

In Case No. 546, Marin never attempted to comply with the District Court's order that he provide facts establishing diversity jurisdiction. District courts have a firm and continuing obligation to make sure that subject matter jurisdiction exists in a federal proceeding. And, the very nature of this litigation (a one-time candidate for public office in Pennsylvania suing a Pennsylvania newspaper), in addition to Marin's documented transiency,[10] raised legitimate questions about citizenship for purposes of diversity jurisdiction under § 1332(a). It was thus proper for the District Court to dismiss the action and to deny relief from dismissal, without prejudice, unless and until the issue of subject matter jurisdiction was resolved.

We reject Marin's argument that non-compliance with the District Court's orders is excusable because he did not receive copies of the orders in the mail. In Case No. 346, the docket reflects that copies of the March 29, 2016 dismissal order were sent via regular

_____

convinces us that departure from the rule of liberal construction is not appropriate here.
[10] On his notice of appeal, Marin identified his mailing address as a PO Box in Rochester, New York. Subsequent filings identify Marin's so-called "temporary" mailing address as a PO Box in San Diego, California, state that his legal residence is in Utica, New York, and suggest that his place of habitation changes on a daily basis. In one pending case in the Western District of Pennsylvania (also before Judge Hornak), Marin indicated that his legal residence is in Erie, Pennsylvania; he then filed a stream of notices announcing changes in his mailing address (to Ford City, Pennsylvania; to Parma, Ohio; and so on).

6

and certified mail to Marin on April 1, 2016, and that the certified mail card was signed and returned that same month. In Case No. 536, the docket reflects that Marin was filing documents electronically and was thus availing himself of the court's CM/ECF system; he was, as a consequence, receiving "email notices, containing hyperlinks to documents, immediately upon" the entry of the District Court's orders.[11]

Therefore, for the reasons given above, this appeal presents no substantial question and we will summarily affirm the orders under review. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

See DC Civ. No. 1:14-cv-00049. The District Court in this case noted those filings.
[11] Nara v. Frank, 488 F.3d 187, 194 n.11 (3d Cir. 2007). That Marin purportedly did not check his email with any regularity is not sufficient to prove lack of notice or receipt of a court filing, in the same way that one's refusal to open his or her own 'snail mail' fails that task. See, e.g., Two-Way Media LLC v. AT&T, Inc., 782 F.3d 1311, 1318 (Fed. Cir. 2015); Khor Chin Lim v. Courtcall Inc., 683 F.3d 378, 381 (7th Cir. 2012). Marin's plea that he should be allowed to sporadically file documents electronically but receive court orders only through non-electronic mailings should be directed to the District Court, which is imbued with wide discretion in the area of case management.