**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3858
_____

MR. RENE' D. EDWARDS,
                              Appellant

v.

JAMES R. GAHM; DANA PETRONE; SGT. STEVEN JORDAN; JAMES
SAMALONIS; ANDREW LARUE; OFFICER PTLM-BURROWS; RONALD
BERREMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-16-cv-05702)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, Circuit Judges

(Opinion filed: April 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant René Edwards appeals the denial of four post-judgment motions. For the reasons that follow, we will affirm the District Court's judgment.

On September 19, 2016, Edwards initiated a civil rights lawsuit regarding his 2008 arrest and conviction for violating New Jersey's Sex Offender Monitoring Act—a conviction that was vacated in 2014 when the New Jersey Supreme Court deemed retroactive application of the Act to be unconstitutional. By order entered on November 1, 2018, the District Court granted the defendants' motions to dismiss Edwards' claims against them, concluding that the named defendants could not be held liable as a matter of law.

On December 11, 2018, Edwards filed a notice of appeal, which we dismissed as untimely. Alleging that he had not received notice of the November 1, 2018 order dismissing his case until "several weeks later," on June 6, 2019, he filed a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). He also filed a motion requesting the District Court's recusal, a motion for oral argument and a trial, and a motion to reopen the case to hear new evidence. The District Court denied Edwards' motions in a single order, and Edwards timely appealed.

We have appellate jurisdiction because the order appealed is a "final decision" under 28 U.S.C. § 1291. See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We review for abuse of discretion the District Court's denial of Edwards' motion to reopen the time to file an appeal, see United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006), as well as its denial of his other motions, see Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (denial of recusal

2

motion); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (denial of reconsideration motion). "The district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court's conclusion that Edwards did not file his motion to reopen the time to appeal within the applicable timeline under Rule 4(a)(6). The Rule states that a district court may reopen the time to file an appeal if the following conditions are met: "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Edwards filed his Rule 4(a)(6) motion on June 6, 2019. He received notice of the District Court's November 1, 2018 order "several weeks" after it was entered. Assuming that he received notice on December 11, 2018, which is when he filed his notice of appeal, his motion to reopen the time to appeal was filed well after the 14 days from notice prescribed by Rule 4(a)(6). While pro se parties are held to less stringent standards than their counseled counterparts, "they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

3

Additionally, we find no abuse of discretion on the part of the District Court in denying Edwards' recusal motion. Edwards did not allege any facts that would show a personal bias on the part of the District Court Judge or that the Judge's impartiality might reasonably be questioned. See 28 U.S.C. § 144, 455. His disagreement with the Judge's legal rulings is an insufficient basis for recusal. See Securacomm, 224 F.3d at 278.

Finally, the District Court did not abuse its discretion in denying Edwards' motions to hold oral argument and a trial or to hear new evidence because neither motion made meritorious arguments or otherwise met the requirements under Federal Rules of Civil Procedure 59(e) or 60(b). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). For the above reasons, we will affirm the District Court's judgment.